HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PROSHIPLINE, INC.,

    Plaintiff,

vs.

ASPEN INFRASTRUCTURES, LTD.
f/k/a SUZLON INFRASTRUCTURE, LTD.,

    Defendant.

Index No.: 07 CV 10969

**VERIFIED COMPLAINT**

---

  Plaintiff, ProShipLine, Inc. (hereinafter "PSL"), by its attorneys, Hill Rivkins & Hayden LLP, as and for its Verified Complaint against the above named defendant alleges upon information and belief as follows:

  1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for a breach of a maritime contract. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

  2. At and during all material times hereinafter mentioned, plaintiff PSL was and now is a corporation or other business entity organized and existing by virtue of the laws of Delaware with a principal place of business at Houston, Texas.

  3. Upon information and belief, at and during all material times hereinafter mentioned, defendant Aspen Infrastructure, Ltd. ("Aspen") was and now is a foreign business entity organized and existing by virtue of the law of India or another foreign country with an

office and place of business at 5th Floor, Godrej Millennium, 9 Koregaon Park Road, Pune – 411 001, Maharaashtra, India.

4. Aspen is an Indian corporation that is involved in the shipment of machinery to the United States on vessels which it has chartered. It is the successor corporation to Suzlon Infrastructure, Ltd. ("Suzlon") which was also an Indian corporation. Suzlon time chartered several ships in order to deliver cargoes for an affiliated company in India to the United States.

5. EP-Team, Inc. ("EP-Team") is a United States company located in Houston, Texas. It is a logistics management organization that provides business development and management services to various companies.

6. On April 19, 2006, EP-Team and Suzlon entered into a Sales and Logistics Services Agreement ("Services Agreement") whereby Suzlon appointed EP-Team as its exclusive United States sales agent to establish a sales and management operation to secure freight and associated revenue on ships that Suzlon had chartered for the return voyages from the United States to India.

7. Pursuant to the terms of the Services Agreement, EP-Team was the exclusive agent for the appropriate selection, assignment, and management of the terminal facilitation, stevedoring and heavy-lift operations related to the discharge and loading of Suzlon's vessels at U.S. ports and loading and discharge at intermediate or other destination ports.

8. The Services Agreement provides that the rights and duties of the parties are assignable, in whole or in part, by either of the parties. Accordingly, EP-Team, with the knowledge and consent of Suzlon, assigned its rights and duties under the Services Agreement to PSL.

9. During the term of the Services Agreement, Suzlon was reorganized as the defendant Aspen Infrastructure, Ltd.

10. At all times, and as reiterated in a letter dated May 18, 2006, Aspen/Suzlon recognized PSL as its exclusive U.S. agent for negotiating and accepting freight or cargo onto its vessels under the Services Agreement. At all relevant times PSL was in full compliance with the terms of the Services Agreement.

11. The Services Agreement, as amended by addenda, provides that it may be terminated for cause, which is defined as a serious breach and/or an act of willful negligence causing loss to the non-breaching party, following the breaching party's failure to cure said breach within 30 days of the notification by the non-breaching party of the breach. The Services Agreement further provides that following a proper notice of termination, the parties are obligated to perform their respective duties for shipments that are already underway, and that the parties are bound by the Services Agreement until termination is completed in totality.

12. On July 5, 2007, Aspen purported to terminate the agreement, stating in pertinent part: "…please note that from 1st August '07, the owners [Aspen] will have alternate arrangements in place and thus ProShipLine will cease to be our agents…This serves as required notice."

13. Aspen is in breach of the contract by purporting to terminate same without cause on either the part of PSL or its assignor EP-Team.

14. As a result of the wrongful actions of Aspen, PSL has suffered and will suffer damages in the amount of $5,750,000, for which it is entitled to restitution.

15. The Services Agreement provides for arbitration of disputes in Singapore, where it is the custom and practice to award attorneys' fees and arbitrators' expenses in favor of the

prevailing party against the losing party. PSL reasonably estimates that it will incur recoverable attorneys' fees associated with the Singapore arbitration in the amount of $330,000 (£160,000) and arbitrators' expenses in the amount of $310,000 (£150,000).

16. This action is brought to obtain jurisdiction over defendant Aspen and to enforce any eventual arbitration award rendered in Singapore as well as to obtain security for same. This action is further brought to obtain security for any additional sums to cover plaintiff's anticipated attorneys' fees and in this proceedings and interest, all of which are recoverable under applicable law.

17. As best as can now be estimated, PSL's damages will amount to $6,390,000, consisting of lost revenue of $5,750,000, attorneys' fees of $330,000 and arbitrators fees of $310,000.

18. After investigation, defendant Aspen Infrastructure, Ltd. cannot be "found" in this District for purposes of and as delineated in Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Plaintiff is informed that defendant Aspen Infrastructure, Ltd. has, or will shortly have, assets within this District, including but not limited to, cash, funds, escrow funds, credits, wire transfer, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and sub-charter hire, at or being transferred and/or wired to, from or through local banks:

JPMorgan Chase Bank NA, Citibank NA, American Express Bank Ltd., Bank of America, Bank of New York, Deutsche Bank, HSBC, BNP Paribas, Wachovia Bank NA, ABN Amro, Atlantic Bank of NY, Standard Chartered Bank, Bank of Communications, The Bank of East Asia (USA) NY, Bank of China, Shanghai Commercial Bank Ltd., Bank of Tokyo-Mitsubishi, Bank of India, Barclays Bank, Calyon, Credit Suisse, Rabobank, Wells Fargo Bank, US Bank, UBS, Nordea Bank Finland PLC;

and/or other garnishees as further investigation may uncover.

19. The total amount sought to be attached by PSL pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims is $6,390,000, inclusive of recoverable attorneys' and arbitrators' fees.

**W H E R E F O R E**, plaintiff ProShipLine, Inc., prays:

1. That process in due form of law according to the practice of this Court may issue against defendant Aspen Infrastructure, Ltd., citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim, plus interest, costs and attorneys' fees;

2. That if defendant Aspen Infrastructure, Ltd. cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, that all assets of defendant up to and including $6,390,000 be restrained and attached, including but not limited to cash, funds, escrow funds, credits, wire transfer, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, at or being transferred and/or wired to, from or through:

JPMorgan Chase Bank NA, Citibank NA, American Express Bank Ltd., Bank of America, Bank of New York, Deutsche Bank, HSBC, BNP Paribas, Wachovia Bank NA, ABN Amro, Atlantic Bank of NY, Standard Chartered Bank, Bank of Communications, The Bank of East Asia (USA) NY, Bank of China, Shanghai Commercial Bank Ltd., Bank of Tokyo-Mitsubishi, Bank of India, Barclays Bank, Calyon, Credit Suisse, Rabobank, Wells Fargo Bank, US Bank, UBS, Nordea Bank Finland PLC;

and/or other garnishees upon who a Writ of Maritime Attachment and Garnishment may be served;

3. And for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 3, 2007

        HILL RIVKINS & HAYDEN LLP
        Attorneys for Plaintiff

By: _____
    John J. Sullivan (JS-1037)
    Christopher M. Panagos (CP-2199)
    45 Broadway
    New York, New York 10006
    (212) 669-0600

## **VERIFICATION**

I, John J. Sullivan, hereby affirm as follows:

1. I am a member of the firm Hill Rivkins & Hayden LLP, attorneys for plaintiff ProShipLine, Inc. I have prepared and read the foregoing Verified Complaint and know the contents thereof and, the same is true to the best of my knowledge, information and belief.

2. The sources of my knowledge, information and belief are documents provided by our clients and our discussions with them.

3. As plaintiff is a Delaware business entity with a principal place of business in Texas and none of its officers is located in the Southern District of New York, this verification is made by me as counsel of record.


I hereby affirm that the foregoing statements are true and correct.


Dated: New York, New York
       December 3, 2007

_____
John J. Sullivan (JS-1037)