HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0699

07 CV 10969

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PROSHIPLINE, INC.,

   Plaintiff,

vs.

ASPEN INFRASTRUCTURES, LTD.
f/k/a SUZLON INFRASTRUCTURE, LTD.,

   Defendant.

Index No.:

**PANAGOS AFFIRMATION PURSUANT TO ADMIRALTY & MARITIME RULE B**

---

I Christopher M. Panagos, hereby affirm as follows:

1. I am an associate of Hill Rivkins & Hayden LLP, attorneys for Plaintiff herein and admitted to practice before this Honorable Court.

2. This Affirmation is submitted pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

3. Based upon the results of my investigation as set forth herein, I am firmly convinced that the defendant, Aspen Infrastructures, Ltd., is a corporation or other

business entity which cannot be "found" within this District for the purpose of an attachment under Rule B.

4. I contacted the office of the New York Department of State, Division of Corporations on December 3, 2007, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for corporations named "Aspen Infrastructures, Ltd.". The search result indicated that it is not a New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or foreign corporation.

5. I consulted with Directory Assistance for New York on December 3, 2007 for area codes (212), (718), (914), (646), and toll-free listings and no listing for Aspen Infrastructures, Ltd. was located.

6. I reviewed the Transportation Telephone Tickler business directory, 2007 Edition (Vol. 1 New York Metropolitan Area), published by the Journal of Commerce, and no listing was found for Aspen Infrastructures, Ltd.

7. I accessed on December 3, 2007, through Microsoft Internet Explorer and Google Search engines the Yellow Pages telephone directory database and found no listing in that database for any office or agent of Aspen Infrastructures, Ltd. in the State of New York.

2

8.  For the foregoing searches mentioned in paragraphs 4-7 above, I conducted identical searches on December 3, 2007, for corporations under the former name of the defendant "Suzlon Infrastructure, Ltd." In each instance I was unable to locate a listing for any office or agent of Suzlon Infrastructure, Ltd.

9.  On December 3, 2007, I accessed the Yahoo and Google search engines and conducted searches for Aspen Infrastructures, Ltd. It appears that Aspen Infrastructures, Ltd. does not maintain a public website. However, I visited the website www.suzlon.com which appears to be the public website for the Suzlon group of companies to which it is believed that Aspen Infrastructures, Ltd. belongs. Based upon information on that website it appears that neither Aspen Infrastructures, Ltd. nor any other entity related to the Suzlon group has an office or agent within the State of New York or otherwise does business within the State of New York.

10. I am aware of an entity with an office in New York City "Aspen Infrastructure Investment Corporation". By all appearances this is a corporation which is unrelated to the defendant herein and the Suzlon group of companies to which it belongs.

11. Based upon the foregoing, it is respectfully submitted that defendant Aspen Infrastructures, Ltd. cannot be "found" within this District within the meaning of Rule B, thus, justifying issuance of an order of attachment against the assets of defendant Aspen Infrastructures, Ltd. as may be found within this District up to and including the amount of the claim as specified in the Verified Complaint.

I hereby affirm under the penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       December 3, 2007

                                                Christopher M. Panagos (CP-2199)