**DeOrchis Wiener & Partners, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

*Attorneys for Defendant*
**ASPEN INFRASTRUCTURES LTD.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PROSHIPLINE, INC.,

                                    Plaintiff,

                                                                    07 Civ. 10969 (RWS)

        - against -

                                                            **DECLARATION OF JOHN A.**
                                                            **ORZEL IN SUPPORT OF**
                                                            **DEFENDANT'S APPLICATION**

ASPEN INFRASTRUCTURES LTD., F/K/A
SUZLON INFRASTRUCTURE LTD.,

                                    Defendant.
-----------------------------------------------------------X

**I, JOHN A. ORZEL DECLARE UNDER PENALTY OF PERJURY THAT THE FOLLOWING IS TRUE AND CORRECT:**

  1.  I am an a partner in the law firm of DE ORCHIS PARTNERS, and represent the defendant Aspen Infrastructures Ltd., (hereinafter "Aspen") in the above captioned matter as well as a related case before this Court bearing 07 Civ. 8813 (RWS) filed by Aspen against EP-Team, Inc., seeking a Rule B Attachment in the amount of US$908,516.40. The 07 Civ. 8813 action was filed on October 12, 2007. (Annexed hereto as **Exhibit A** is a copy of the First Amended Verified Complaint filed in that action). I am fully familiar with the facts surrounding these matters and make this Declaration Under Penalty of Perjury in support of Aspen's application for Order vacating the attachment obtained by Proshipline.

2. There are presently five different law suits pending in the courts of the United States connected with Aspen, Proshipline and EP-Team, Inc. Aside from the 2 actions pending before this Court, there are two actions instituted by EP-Team and Proshipline in the United States District Court for the Southern District of Texas and another action instituted by EP-Team and Proshipline in the United States District Court for the Western District of Washington. (Annexed hereto as **Exhibit B** is a copy of the Complaint filed by EP-Team and Proshipline on August 6, 2007 in the Southern District of Texas as C07-2549. Annexed hereto as **Exhibit C** is a copy of the Complaint filed by EP-Team and Proshipline in the Western District of Washington on November 27, 2007 as 07 Cv. 5660 (FDB). Annexed hereto as **Exhibit D** is a copy of the Complaint filed by EP-Team and Proshipline in the Southern District of Texas on December 7, 2007 as 07 cv-4170).

3. In connection with the first action filed by EP-Team and Proshipline in the Southern District of Texas, Aspen appeared and moved to have the action stayed pending arbitration in Singapore. The Court administratively dismissed the action pending arbitration of the parties' disputes in arbitration in Singapore. (Annexed hereto as **Exhibit E** is a copy of the Order entered by the Southern District of Texas. Annexed hereto as **Exhibit F** is a copy of the affidavit of David R. Pulk, filed by EP-Team/Proshipline in opposition to Aspen's motion. Annexed hereto as **Exhibit G** is a copy of an affidavit filed by Jesus R. Baiza filed by EP-Team/Proshipline in opposition to Aspen's motion).

4. EP-Team and Proshipline have succeeded in attaching property belonging to Aspen under the action filed in the Western District of Washington. To date Aspen has given a bond in the amount of US$532,539.00 and has given over a quantity of fuel oil with a value of at

least US$93,000.00. Aspen also had to file an additional bond to cover property remaining on board the BELUGA FUSION in the amount of US$51,455.24. (Annexed hereto as **Exhibit H** is a copy of the Bond filed in the Western District of Washington. Annexed hereto as **Exhibit I** is a copy of the Court Order appearing upon the Court's Docket Sheet regarding the removal of the fuel oil. Annexed hereto as **Exhibit J** is a copy of the second Bond filed with the Court).

5. Aspen contested EP-Team/Proshipline's second action filed in the Southern District of Texas which sought a Writ of Maritime Attachment under 07 cv-4170. The Southern District of Texas found that Aspen is present in the jurisdiction and vacated the attachment. (Annexed hereto as **Exhibit K** is a copy of the Opinion and Order issued on December 18, 2007).

6. On Saturday, January 5, 2008 Proshipline's counsel gave notice that an electronic fund transfer belonging to the defendant in the amount of US$1,999,964.00 had been restrained.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

**Executed on January 9, 2008**

John A. Ørzel

**07 Civ. 10969 (RWS)**

**DECLARATION OF JOHN A. ORZEL IN SUPPORT OF DEFENDANT'S APPLICATION**

# *Exhibit A*

**DeOrchis Wiener & Partners, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

*Attorneys for Plaintiff*
**ASPEN INFRASTRUCTURES LTD.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ASPEN INFRASTRUCTURES LTD., F/K/A
SUZLON INFRASTRUCTURE LTD.,

                                   Plaintiff,

          - against -

E.P. TEAM, INC.,

                                   Defendant.
-------------------------------------------------------------X



**07 Civ. 8813 (RWS)**

**FIRST AMENDED VERIFIED
COMPLAINT
AND RULE B ATTACHMENT**

          Plaintiff ASPEN INFRASTRUCTURES LTD., by its attorneys, De Orchis Wiener &

Partners, LLP., as and for its First Amended Verified Complaint against Defendant E.P.

TEAM, INC., alleges upon information and belief, as follows:

          1.        This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

          2.        Venue is proper in this district as defendant cannot be found within the district

and there is believed to be goods and chattels, or credits and effects in the hands of garnishees,

belonging to the defendant within the jurisdiction of the district as provided for by Supplemental

Admiralty Rule B of the Federal Rules of Civil Procedure.

### *The Parties*

3.    At and during all times hereinafter mentioned, Plaintiff Aspen Infrastructures, Ltd., (hereinafter "Aspen") was, and still is, a corporation organized and existing under and by virtue of the laws of India, with a principal place of business located at 5th Floor, Godrej Millenium, 9 Koregaon Park Road, Pune, 411-001, Maharaashtra, India.    Aspen, at all times hereinafter mentioned, was engaged in lawful business, including the business of chartering vessels and shipping cargo for profit in world wide trade.

4.    Upon information and belief, Defendant E.P. TEAM, INC., (hereinafter "EP Team") is a corporation or other business entity incorporated under the laws of Delaware, with an office and place of business located at 3700 Forums Drive, Suite 201, Flower Mound, Texas 75028. EP Team, and at all times hereinafter mentioned, was engaged in the business of vessel agency and/or management for ocean going vessels and/or logistics management and/or cargo handling.

### *As And For Its First Cause Of Action Against*
### *Defendant EP Team, Plaintiff Aspen*
### *Alleges Upon Information And Belief That:*

5.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

6.    Plaintiff Aspen, through its predecessor company, Suzlon Infrastructure Limited, entered into a contract with defendant EP Team entitled "Sales and Logistics Services Agreement" (hereinafter "Agreement"), dated April 9, 2006, by which EP Team was appointed Aspen's general sales and port agent in the United States.    Under the terms of the Agreement, EP Team was responsible to provide various services to vessels which Aspen had and was to

have under charter for the carriage of cargo to and from the United States, in international commerce. Specifically, EP Team was responsible to solicit cargo for Aspen controlled vessels, collect ocean freight, select assign and manage terminal facilities for Aspen controlled tonnage, arrange and manage stevedoring and heavy lift operations on behalf of Aspen at all United States ports as well as assume the responsibility for the loading and unloading of Aspen tonnage in the United States. *(Annexed hereto as Exhibit A is a copy of the Agreement).*

7.        On July 5, 2007, Aspen advised EP Team by e-mail that S.E. Shipping Lines, PTE., Ltd., prospective owners of the chartered vessels used in the service were going to appoint their own agents and therefore EP Team's services were not going to be needed. As a result of this notice, EP Team unilaterally terminated the Agreement effective as of midnight on July 31, 2007.

8.        Following termination, the Agreement provided that the parties were obligated to continue their performance under the Agreement with respect to all vessels and/or cargo that were in transit prior to said termination. In addition, the parties were obligated to cooperate to ensure a smooth closing of accounts between the parties.

9.        In violation of its obligations under the Agreement, EP Team has failed to fully account for ocean freights which were collected on behalf of Aspen during the operation of the Agreement. EP Team has failed to account for these monies.

10.        In violation of its obligations under the Agreement and in contravention of specific instructions from Aspen, defendant EP Team collected ocean freights earned by vessels controlled by Aspen which were outside of the geographic scope of the Agreement and/or after

July 31, 2007, when EP Team had terminated the Agreement. EP Team has failed to account for these monies.

11.     As a result of the breach of contract and breach of duty under the Agreement of defendant EP Team has wrongfully withheld US$908,516.40, in funds belonging to Aspen, as near as can now be estimated. Said amount includes: a) the balance of ocean freights collected on behalf of Aspen under the Agreement but not accounted for; and b) ocean freights collected from Aspen's customers in violation of the Agreement.

### As And For Its Second Cause Of Action Against Defendant EP Team, Plaintiff Aspen Alleges Upon Information And Belief That:

12.     Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

13.     Following termination of the Agreement, EP Team, in breach of its obligation under the Agreement, refused to provide the services or pay for services that were provided to the vessels under the control of Aspen. As a result of the actions by EP Team, Aspen has incurred liability to third party providers of services to vessels under its control.

14.     In violation of its obligations under the Agreement, defendant EP Team has failed to negotiate in good faith and/or to keep proper accounts of payments made on behalf of Aspen to third party service providers.

15.     In violation of its obligations under the Agreement, defendant EP Team has failed to make timely payments to third party service providers from the funds collected on behalf of Aspen, thus forcing Aspen to effect payment directly to said third party service

4

providers and/or undertake to make payment to third party service providers which should have been paid by EP Team out of the funds belonging to Aspen which it is wrongfully holding.

### As And For Its Third Cause Of Action Against Defendant EP Team, Plaintiff Aspen Alleges Upon Information And Belief That:

16.     Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

17.     The Agreement between Aspen and EP Team contains a specific arbitration clause which provides that:

> If any dispute arises between the parties out of or in connection with the Agreement, whether in the nature of interpretation or meaning of any term hereof, or as to any claim by one against the other or otherwise, the same shall be referred to arbitration of a common arbitrator if agreed upon, or to arbitrators, one to be appointed by each party to the dispute, and the arbitration shall be governed by the Arbitration Act for the time being enforced. Unless the parties to the dispute mutually agree to the location of the arbitration, the arbitration shall be held in Singapore.

18.     Pursuant to the arbitration provision of the Agreement, Aspen gave notice to EP Team that it was demanding arbitration of the disputes under the Agreement and that it had appointed its arbitrator in Singapore.

19.     In violation of its obligation under the Agreement, on August 6, 2007, defendant EP Team filed suit against Aspen in the United States District Court for the Southern District of Texas. *(Annexed hereto as Exhibit B is a copy of the Texas complaint)*.

## APPLICATION FOR ISSUANCE
## OF A RULE B ATTACHMENT

20.      Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

21.      The defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to ABN Amro Bank, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, The Clearing House Interbank Payments System LLC, The New York Clearing House Association LLC, and/or Standard Chartered Bank, which are believed to be due and owing to the defendants.

22.      The Plaintiff seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching any assets of the defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the defendant, and to secure and/or satisfy the plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.      That since the defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, The Clearing House Interbank Payments System LLC, The New York Clearing House Association LLC, and/or Standard Chartered Bank, which are believed to be due and owing to the defendant EP Team, Inc., in the amount of US$908,516.40 to satisfy and/or secure plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint;

C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.    That the defendant be ordered to stay the pending legal action in the United States District Court for the Southern District of Texas and proceed with the arbitration of its dispute with plaintiff in the contractually agreed upon forum of Singapore; and

E.    That the plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:  New York, New York
        October 15, 2007

DEORCHIS WIENER & PARTNERS, LLP
*Attorneys for Plaintiff*
ASPEN INFRASTRUCTURES LTD.

By: _____
    John A. Orzel (JO-2420)
    61 Broadway, 26th Floor
    New York, New York  10006-2802
    (212) 344-4700

7

## VERIFICATION

John A. Orzel declares and states that he is a partner in the law firm of DeOrchis, Wiener & Partners, LLP, attorneys for plaintiff in this action, and that the foregoing First Amended Verified Complaint is true to his knowledge, except as to matters therein stated on the information and belief and as to those matters, he believes them to be true; that the ground of his belief as to all matters not stated upon knowledge is information furnished to him to by Plaintiff; that the reason why the Verification is not made by plaintiff is that plaintiff is a corporation whose principal place of business is outside the New York County, and that due to the exigent nature of this proceeding it was not possible to obtain a Verification from plaintiff; and that he is authorized to so verify.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on October 15, 2007

John A. Orzel

8

**07 Civ. 10969 (RWS)**

DECLARATION OF JOHN A. ORZEL IN SUPPORT OF DEFENDANT'S
APPLICATION

# *Exhibit B*

United States Courts
Southern District of Texas
FILED

AUG 0 6 2007

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EP-TEAM, INC. and PROSHIPLINE, INC. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ASPEN INFRASTRUCURE, LTD. f/k/a SUZLON INFRASTRUCTURE, LTD, | ) ) ) |
| Defendant. | ) ) ) |

**H-07 -2549**

Case No. _____

## PLAINTIFFS' ORIGINAL COMPLAINT
## AND REQUEST FOR DECLARATORY RELIEF

Plaintiffs EP-Team, Inc. and ProShipLine, Inc. submit this request for declaratory relief and show as follows:

### A. PARTIES

1.    Plaintiff EP-Team, Inc. ("EP-Team") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Houston, Texas. Plaintiff ProShipLine, Inc. ("ProShipLine") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Houston, Texas. EP-Team and ProShipLine are at times referred to collectively herein as "Plaintiffs."

2.    Defendant Aspen Infrastructure, Ltd. f/k/a Suzlon Infrastructure, Ltd. ("Aspen" or "Defendant"), is a corporation organized under the laws of India, with its principal place of business in Pune, India. Defendant does not maintain a registered agent in the State of Texas. Under the laws of the State of Texas, Defendant may be served by serving the Texas Secretary of State.

### B. JURISDICTION

3.    The Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(2) because the suit is between citizens of Texas, and a citizen of India, and the amount in controversy exceeds $75,000, excluding interest and costs.

### C. VENUE

4.    Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(3) because defendant Aspen is subject to personal jurisdiction in this district and there is no other district where the action may be brought.

### D. FACTUAL BACKGROUND

5.    EP-Team is a United States company with its principal place of business in Houston, Texas. It is a logistics management organization that provides business development and management services to various companies.

6.    Aspen is an Indian corporation that is involved in the shipment of machinery to the United States on vessels which it has chartered. It is the successor corporation of Suzlon Infrastructure, Ltd., ("Suzlon") which was also an Indian corporation. Suzlon time chartered several ships in order to deliver freight from an affiliated company in India to the United States.

7.    On April 19, 2006, EP-Team and Suzlon entered into a Sales and Logistics Services Agreement, (the "Contract") whereby Suzlon appointed EP-Team as its exclusive United States sales agent to establish a sales and management operation to secure freight and associated revenue on the ships that Suzlon had chartered for the return voyages from the United States to India.

8.    Pursuant to the terms of the contract, EP-Team was the exclusive agent for the appropriate selection, assignment, and management of the terminal facilitation, stevedoring and

heavy lift operations related to the discharge and loading of Suzlon's vessels at U.S.A. ports and loading and discharge at intermediate or other destination ports.

9.      As part of its responsibilities under the Contract, EP-Team agreed to keep and maintain books and records reflecting revenues and calculations of gross revenue, vessel operating costs, net revenue and sales commission. EP-Team maintains a bank account into which it places funds received from the shipping customers and from which expenses, commissions and other expenses are paid ("the Account").

10.     The Contract specifically provides that the rights and duties of the parties are assignable, in whole or in part by either of the parties. Pursuant to this clause EP-Team, with the knowledge and agreement of Suzlon, assigned its rights and duties under the Contract to ProShipLine. As set forth above, Suzlon was reorganized as defendant Aspen.

11.     The Contract provides that it is to be construed and enforced in accordance with "English Law". The contract further provides for arbitration as follows:

### "15.   ARBITRATION.

If any dispute arises between the parties out of or in connection with the Agreement, whether in the nature of interpretation or meaning of any term hereof, or as to any claim by one against the other or otherwise, the same shall be referred to arbitration of a common arbitrator if agreed upon, or to arbitrators, one to be appointed by each party to the dispute, and the arbitration shall be governed by the Arbitration Act for the time being enforced. Unless the parties to the dispute mutually agree to the location of the arbitration, the arbitration shall be held in Singapore."

12.     On November 10, 2006, the parties, through a written addendum, modified the contract termination provisions to read as follows:

### "7.   Termination

A party shall have the right to terminate this arrangement by giving the other party 30 days notice of the same at any time during the currency of this agreement only in the following cases:

- Where a serious breach of contract by a party has been notified to the party by the other party and where within 30 days of such notification no action plan has been set forth by the party to the other party to mitigate the breach then the other party may choose to terminate the contract.

- Where a party has committed an act of willful negligence causing material loss to the other party in performing its obligations under this agreement and where within 30 days of such act no action plan has been set forth by the party to the other party to mitigate the loss then the other party may choose to terminate the contract.

- Where a notice of default has been served and the procedure dealing with such notice has been followed and no party in breach has failed to remedy the breach then the other party may terminate the contract.

On such termination both the parties shall continue to perform their duties for the shipments already underway and shall be bound by the terms of this agreement till such time the activity undertaken or initiated prior to termination is not completed in totality.

The parties on such termination shall continue to cooperate with each other to ensure proper closure of accounts and completing all activities for the termination of the arrangement.

Upon receipt of such notice, the party receiving such notice shall:

Stop work on the date and to the extent set forth in such notice; and

- Take such further action regarding termination of the services or the Agreement as the party seeking termination may reasonably direct."

13.    As of July 14, 2007, there were five vessels under charter contract for which ProShipLine was providing services to Aspen.

14.    From the beginning of the Contract until the present time, ProShipLine has complied in all respects with its contractual obligations to Aspen. ProShipLine has not committed a breach of the Contract nor has it committed any act of willful negligence.

15.    By virtue of a letter dated May 18, 2006, Aspen categorically reiterated that Pro Ship Line was the exclusive United States agent of Aspen to negotiate, accept freight or cargo onto its ships.

16.     On July 5, 2007, Aspen, by and through its General Manager for Logistics, Mr. Sanjeev Bangad, sent an e-mail to ProShipLine, which stated in part as follows:

"In continuation of the message below, please note that from 1st August '07, the owners [Aspen] will have alternate agreements in place and thus ProShipLine will cease to be our agents.

This serves as required notice."

17.     Aspen's purported termination of the Contract without cause on the part of either EP-Team or ProShipLine is a breach of the Contract. Furthermore, the unjustifiable breach by Aspen of the Contract and the ostensible revocation of ProShipLine's agency to complete its responsibilities for ships in transit pursuant to the terms of the Contract have created confusion and present the possibility of damages to be incurred by EP-Team and/or ProShipLine.

18.     A justiciable controversy has arisen between EP-Team/ProShipLine and Aspen pertaining to the terms and termination of the Contract. Contractual provisions pertaining to the application of English Law and the arbitration clause are ambiguous in that they are not specific in specifying what is defined by the term "English Law" nor what is meant by the term "Arbitration Act".

19.     As of August 6, 2007, one of the ships for which ProShipLine was providing services to Suzlon was scheduled to dock at the Port of Houston. Another of the ships is expected to dock in Houston within the week.

20.     As a result of the wrongful actions of Aspen, ProShipLine and EP-Team will suffer damages for which they are entitled to seek restitution.

21.     Upon information and belief, Aspen has no assets in the United States from which Plaintiffs would be able to seek the payment of a future judgment other than the Account which ProShipLine manages on behalf of Aspen.

## E. REQUEST FOR DECLARATORY RELIEF

22.    Pursuant to 28 U.S.C. §§ 2201 – 2202 and Fed. R. Civ. P. 57, EP-Team requests a declaration from the Court:

- Clarifying the law to be applied to the construction and enforcement of the rights of the Plaintiffs and Defendant pursuant to the Contract;

- Specifying the forum for the arbitration of the dispute between the Plaintiffs and Defendant;

- Ordering the payment of the funds in the Account to the registry of the Court pending the resolution of the dispute between the parties by arbitration or otherwise.

WHEREFORE, Plaintiffs EP-Team, Inc. and ProShipLine, Inc. respectfully request that Aspen Infrastructure, Ltd. be duly cited in terms of the law to appear and answer herein, and that upon final trial hereof, Plaintiffs have judgment against said Defendant as follows:

1.    A declaratory judgment of this Court as requested herein;

2.    On final trial, the Plaintiffs have and recover from Defendant Aspen the Plaintiffs' expenses incurred, including reasonable attorney's fees;

3.    All costs of court be taxed against the Defendant;

4.    The Plaintiffs have such other and further relief to which the Plaintiffs may be justly entitled.

Respectfully submitted,

Mark W. Romney
Attorney-in-Charge
Texas Bar No. 17225750

SD Texas Bar No. 208180
SHANNON GRACEY RATLIFF & MILLER, LLP
500 N. Akard Street, Suite 2500
Dallas TX 75201
Telephone: 214.245.3090
Facsimile: 214.245.3097
mromney@shannongracey.com

Andrew Schreck
Texas Bar No. 17813250
SD Texas Bar No. 12929
SHANNON GRACEY RATLIFF & MILLER, LLP
1301 McKinney St., Suite 2920
Houston, TX 77010
Telephone: 713.255.4700
Facsimile: 713.655.1597
aschreck@shannongracey.com

**ATTORNEYS FOR PLAINTIFFS**

07 Civ. 10969 (RWS)

DECLARATION OF JOHN A. ORZEL IN SUPPORT OF DEFENDANT'S
APPLICATION

# Exhibit C

07-CR-05660-CMP

Received From
SEATTLE

NOV 28 2007

FILED _____ ENTERED
LODGED _____ RECEIVED

NOV 27 2007    DB

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

SEA 13716  S 1/155

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

PROSHIPLINE, INC., EP-TEAM, INC.,        )
                                          )    **IN ADMIRALTY**
                Plaintiffs,               )
                                          )    No. **C07-5660** FDB
        v.                                )
                                          )    VERIFIED COMPLAINT IN
ASPEN INFRASTRUCTURES, LTD,               )    PERSONAM AND APPLICATION
f/k/a SUZLON INFRASTRUCTURE,              )    FOR SUPPLEMENTAL ADMIRALTY
LTD.;                                     )    RULE B ATTACHMENT
                                          )
                Defendants.               )
                                          )
MASTERS AND PURSERS OF THE                )
M/S MARGARETHA GREEN, M/S                 )
BELUGA FOUNDATION, M/S                    )
BELUGA REVOLUTION, M/S                    )
BELUGA SPIRIT, M/S BELUGA                 )
INSPIRATION, M/S BELUGA                   )
FASCINATION, M/S BELUGA                   )
ETERNITY, M/S BELUGA EMOTION,             )
M/S BELUGA FUSION;                        )
CONOCOPHILLIPS (USA); TESORO              )
PETROLEUM CORPORATION;                    )
GENERAL STEAMSHIP                         )
CORPORATION; GENERAL                      )
STEAMSHIP AGENCY; JONES                   )
STEVEDORING COMPANY,                      )
                Garnishees.               )

VERIFIED COMPLAINT IN PERSONAM AND
APPLICATION FOR SUPPLEMENTAL ADMIRALTY RULE
B ATTACHMENT    1

GIBBONS & WHYTE, PLLC
1301 Fifth Avenue, Suite 2600, Seattle, WA 98101-2622
206/381-3340    Fax 206/381-3341 or 587-0579

1

2 | Plaintiffs ProShipLine, Inc. and EP-Team, Inc. allege:

3 | <center>**I. JURISDICTION AND VENUE**</center>

4 |     1.    This case is within the admiralty and maritime jurisdiction of this Court

5 | pursuant to the general maritime law and 28 U.S.C. § 1333, and is an admiralty and maritime

6 | claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure. Venue is

7 | proper in this district: Defendant Aspen Infrastructures, Ltd. cannot be found within this

8 | district despite diligent search and inquiry. Nevertheless, goods and chattels or credits and

9 | effects belonging to said defendant are in the possession of garnishees or will be otherwise

10 | within the jurisdiction of this Court, for purposes of Supplemental Admiralty Rule B of the

11 | Federal Rules of Civil Procedure, during the pendency of this action.

12 | <center>**II. PARTIES**</center>

13 |     2.    Plaintiff ProShipLine, Inc. ('ProShipLine") is a corporation organized under

14 | the laws of Delaware, with its principal place of business at Houston, Texas and is the

15 | successor by merger to ProShipLine, Inc., a Nevada corporation. Plaintiff EP-Team, Inc. is a

16 | corporation organized under the laws of Delaware, with its principal place of business at

17 | Houston, Texas, and is the successor by merger to EP-Team, Inc., a Nevada Corporation.

18 | ProShipLine is in the business of agency and management of ocean going vessels, logistics

19 | and cargo handling and is the assignee of EP-Team, Inc. in respect of a certain agreement

20 | identified below.

21 |     3.    Upon information and belief, defendant Aspen Infrastructures, Ltd., formerly

22 | known as Suzlon Infrastructure, Ltd ("Aspen") is a corporation organized under the laws of

23 | India, with its principal place of business at Pune, India. Defendant Aspen does not maintain

24 | a registered agent in the State of Washington nor does it maintain an office in the State of

25 | Washington for transacting business. Defendant Aspen is in the business of chartering

26

VERIFIED COMPLAINT IN PERSONAM AND
APPLICATION FOR SUPPLEMENTAL ADMIRALTY RULE
B ATTACHMENT   2

GIBBONS & WHYTE, PLLC
1301 Fifth Avenue, Suite 2600, Seattle, WA 98101-2622
206/381-3340   Fax 206/381-3341 or 587-0579

1  vessels and shipping cargoes in international trade and sometimes does or did business as

2  Suzlon Infrastructure, Ltd.  Defendant Aspen directs and controls certain vessels under

3  demise charter parties, including the M/S MARGARETHA GREEN; the M/S BELUGA

4  FOUNDATION; the M/S BELUGA REVOLUTION; the M/S BELUGA SPIRIT (or another

5  vessel as replacement therefor); the M/S BELUGA INSPIRATION; the M/S BELUGA

6  FASCINATION; the M/S BELUGA ETERNITY; the M/S BELUGA EMOTION; and, the

7  M/S BELUGA FUSION and is the owner of certain funds, effects, goods, supplies and

8  provisions thereon or therein, including bunkers, other fuel oils and lubricating oils.

### III. FACTS

9

10      4.    On or about April 9, 2006, Defendant Aspen entered into an assignable Sales

11  and Logistics Agreement (the "Contract") under the name of Suzlon Infrastructure, Limited

12  with plaintiff ProShipLine's assignor EP-Team, Inc.  The Contract was thereafter assigned to

13  ProShipLine by EP-Team, Inc. with the prior knowledge and consent of Suzlon Infrastructure,

14  Ltd and/or Defendant Aspen.  Notice of such assignment was given to Suzlon Infrastructure,

15  Ltd and/or Defendant Aspen.  Upon information and belief, Suzlon Infrastructure, Ltd. has

16  reorganized itself as Aspen Infrastructure, Ltd.

17

18      5.    Pursuant to the Contract and the assignment thereof, ProShipLine became the

19  exclusive agent for obtaining revenue producing cargoes to be carried by vessels demise

20  chartered by Defendant Aspen for voyages from the United States.

21      6.    ProShipLine and its assignor at all material times fully and properly discharged

22

23  all obligations as required of plaintiffs by the Contract.

24      7.    On July 5, 2007, Defendant Aspen gave notice to plaintiffs that beginning

25  August 1, 2007 it would no longer perform its obligations under the Contract and that it would

26

VERIFIED COMPLAINT IN PERSONAM AND
APPLICATION FOR SUPPLEMENTAL ADMIRALTY RULE
B ATTACHMENT   3

GIBBONS & WHYTE, PLLC
1301 Fifth Avenue, Suite 2600, Seattle, WA 98101-2622
206/381-3340   Fax 206/381-3341 or 587-0579

1  terminate the Contract on that date.  Defendant Aspen thereby repudiated the Contract, without

2  cause, in breach of the Contract, resulting in foreseeable damages to plaintiffs.

3      8.      The Contract provides for arbitration pursuant to the "Arbitration Act"

4
   in the event of dispute.
5
       9.      On or about August 6, 2007 ProShipLine and EP-Team, Inc. commenced an *in*
6
7  *personam* action in the United States District Court, Southern District of Texas, Houston

8  Division, under cause number H-07-2549, for declaratory relief pursuant to 28 U.S.C. §§ 2201-

9  2202 and Federal Rule of Civil Procedure 57 as respects the law to be applied to the Contract

10 and the forum for arbitration, and as respects payment of certain funds into the registry of that

11
   court, *pendente lite*, etc.
12
       10.     Defendant Aspen, upon information and belief, has insufficient assets within the
13
14 United States from which plaintiffs may recover the damages caused by Defendant Aspen's

15 breach of the Contract.  Plaintiffs' damages, upon information and belief, exceed U.S. $4.9

16 million.

17
       11.     Defendant Aspen, upon information and belief, has or will have during the
18
19 pendency of this action, goods and chattels or credits and effects in the possession of

20 garnishees and/or others within the jurisdiction of this Court, including funds, effects, goods,

21 bunkers, other fuel oils and lubricating oils, provisions and supplies on board or to be delivered

22 to the vessels named in paragraph 3 above, or moneys or credits in respect of the same, within

23 the possession or control of the masters and/or pursers of said vessels, or the husbandry agents

24 therefor, or the suppliers and/or providers of said goods and chattels or credits and effects,

25

26

including bunkers, other fuel oils and lubricating oils, and goods, provisions and supplies for said vessels.

## IV. CAUSES OF ACTION

### A. BREACH OF MARITIME CONTRACT

12.    Defendant Aspen's conduct as alleged above was in breach of the Contract of April 9, 2006. Plaintiffs have suffered damages as a direct and foreseeable consequence of the referenced breach of contract in an amount to be proved at trial or the arbitration hereof.

### B. ENTITLEMENT TO SUPPLEMENTAL RULE B ATTACHMENT

13.    Defendant Aspen cannot be found in this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure despite diligent search therefor. Defendant has or will have assets on board vessels owned by others, or otherwise within the possession or control of garnishees in this district and subject to the jurisdiction of this Court during the pendency of this action, including but not limited to funds, goods, bunker fuel, other fuel oils and/or lubricating oils and provisions on board vessels or other goods and chattels or credits and effects in the possession of garnishees and/or others within the jurisdiction of this Court, or moneys or credits in respect of the same, within the possession or control of the masters and/or pursers of said vessels, or the husbandry agents therefor, or the suppliers and/or providers of said goods and chattels or credits and effects, including bunkers, other fuel oils and lubricating oils, and provisions and supplies for said vessels. Said garnishees include the Masters and/or pursers of the above-named vessels; ConocoPhillips (USA); Tesoro Petroleum Corp.; General Steamship

VERIFIED COMPLAINT IN PERSONAM AND
APPLICATION FOR SUPPLEMENTAL ADMIRALTY RULE
B ATTACHMENT    5

GIBBONS & WHYTE, PLLC
1301 Fifth Avenue, Suite 2600, Seattle, WA 98101-2622
206/381-3340   Fax 206/381-3341 or 587-0579

1  Corporation; General Steamship Agency; Interocean Steamship Corp.; Jones Stevedoring

2  Company; and others to be named hereafter.

3       14.    Plaintiffs seek an order from this Court directing the Clerk of the Court to issue

4  process of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules

5
   for Certain Admiralty and Maritime Claims, attaching any assets of Defendant Aspen, whether
6
7  doing business as Aspen Infrastructure, Ltd. or Suzlon Infrastructure, Ltd., upon or in said

8  vessels or otherwise to be found within the district, for the purpose of obtaining personal

9  jurisdiction over Defendant Aspen and to secure and/or satisfy plaintiffs' claims against the

10 same for breach of the Contract as alleged above.

11                        **V. PRAYER FOR RELIEF**

12

13     Plaintiffs pray:

14     1.    That process issue against Defendant Aspen Infrastructures, Ltd., citing it to

15           appear and answer under oath the allegations of the Complaint;

16     2.    That an order be issued directing the Clerk of this Court to issue process of

17           maritime attachment and garnishment pursuant to Rule B of the Supplemental

18           Rules for Certain Admiralty and Maritime Claims attaching all tangible and

19
             intangible property in whatever form held by any garnishee or otherwise, or
20
21           found aboard defendant's vessels at the Port of Longview or otherwise within this

22           district, including without limitation funds, goods, bunker fuel, other fuel oils

23           and lubricating oils, and provisions and supplies for the M/S MARGARETHA

24           GREEN; M/S BELUGA FOUNDATION; M/S BELUGA REVOLUTION; M/S
25
             BELUGA SPIRIT; M/S BELUGA INSPIRATION; M/S BELUGA
26

VERIFIED COMPLAINT IN PERSONAM AND                         GIBBONS & WHYTE, PLLC
APPLICATION FOR SUPPLEMENTAL ADMIRALTY RULE    1301 Fifth Avenue, Suite 2600, Seattle, WA 98101-2622
B ATTACHMENT    6                                     206/381-3340   Fax 206/381-3341 or 587-0579

1    FASCINATION; M/S BELUGA ETERNITY; M/S BELUGA EMOTION; M/S

2    BELUGA FUSION or other goods and chattels or credits, funds and effects,

3    where ever they may be found within this district during the pendency of this

4    action, according to the rules and practices of this Court, to satisfy and/or to

5    secure in whole or in part plaintiffs' claims, and that any person claiming an

6    interest therein be cited to appear and to answer plaintiffs' claims herein pursuant

7

8    to Supplemental Admiralty Rule B;

9    3.    That Defendant Aspen be ordered to proceed to arbitration in accordance with

10    the Contract;

11

12    4.    That this Court retain jurisdiction over this matter through entry of judgment or

13    arbitration award on the claims asserted by plaintiffs against Defendant Aspen

14    and/or its predecessor or alias Suzlon Infrastructure, Ltd;

15    5.    That plaintiffs be awarded such other and further relief against Defendant Aspen

16    as this Court might deem appropriate, including reasonable attorney's fees and

17    costs of suit in accordance with the Contract.

18

19

20    DATED this 26th day of November, 2007.

21

22

23    GIBBONS & WHYTE, PLLC

24    By

25    Steven V. Gibbons, WSBA #14028,
      Attorney for Plaintiffs.

26

VERIFIED COMPLAINT IN PERSONAM AND                    GIBBONS & WHYTE, PLLC
APPLICATION FOR SUPPLEMENTAL ADMIRALTY RULE   1301 Fifth Avenue, Suite 2600, Seattle, WA 98101-2622
B ATTACHMENT    7                                      206/381-3340   Fax 206/381-3341 or 587-0579

1
2
3
4    State of TEXAS    )
5    County of Harris )    ) ss.
6
    **VERIFICATION**
7    I, JESSIE BAIZA ____, being first duly sworn upon oath, hereby affirm that I
8    have read the foregoing Verified Complaint, know the contents thereof and believe the
9    same to be true based upon personal knowledge of the facts alleged above and upon the
10    best information to me available.
11
12    _____ [signed]
    JESSIE BAIZA [printed]
13    General Manager Americas [title (s)]
14    Subscribed and sworn to before me this 23 day of November, 2007.
15    _____
    TraceyLynn E McElhone    Notary Public in and for the State of ____
16    MY Commission Expires    Texas .
    11/12/2008
17
    My commission expires 12 November , 200 8
18
19
20
21
22
23
24
25
26

VERIFIED COMPLAINT IN PERSONAM AND    GIBBONS & WHYTE, PLLC
APPLICATION FOR SUPPLEMENTAL ADMIRALTY RULE    1301 Fifth Avenue, Suite 2600, Seattle, WA 98101-2622
B ATTACHMENT    8    206/381-3340    Fax 206/381-3341 or 587-0579

07 Civ. 10969 (RWS)

DECLARATION OF JOHN A. ORZEL IN SUPPORT OF DEFENDANT'S
APPLICATION

# *Exhibit D*

207075

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **PROSHIPLINE, INC. and EP-TEAM, INC.,** | § | |
|               **Plaintiffs** | § | |
| | § | |
| **-against-** | § | |
| | § | |
| **M/V BELUGA REVOLUTION, her engines,** | § | **C.A. No. _____** |
| **tackle, boilers, etc.** | § | **In Admiralty** |
| | § | |
| **-and against-** | § | |
| | § | |
| **ASPEN INFRASTRUCTURES, LTD. f/k/a** | § | |
| **SUZLON INFRASTRUCTURE, LTD.,** | § | |
|               **Defendants** | § | |

## COMPLAINT

Plaintiffs, ProShipLine, Inc. (hereinafter "PSL") and EP-Team, Inc. (hereinafter "EP-Team"), by their attorneys, Hill Rivkins & Hayden LLP, complaining of the above-named vessel and defendant, allege upon information and belief as follows:

1.      This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for a breach of a maritime contract. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

2.      At and during all material times hereinafter mentioned, Plaintiff PSL was and now is a corporation or other business entity organized and existing by virtue of the laws of Delaware with a principal place of business at Houston, Texas.

3.      At and during all material times hereinafter mentioned, Plaintiff EP-Team was and now is a corporation or other business entity organized and existing by virtue of the laws of Delaware with a principal place of business in Flower Mound, Texas. It is a

logistics management organization that provides business development and management services to various companies.

4.     Upon information and belief, at and during all material times hereinafter mentioned, Defendant Aspen Infrastructure, Ltd. ("Aspen") was and now is a foreign business entity organized and existing by virtue of the law of India or another foreign country with an office and place of business at 5th Floor, Godrej Millennium, 9 Koregaon Park Road, Pune – 411 001, Maharaashtra, India.

5.     Aspen is an Indian corporation which is involved in the shipment of machinery to the United States on vessels which it has chartered.  It is the successor corporation to Suzlon Infrastructure, Ltd. ("Suzlon") which was also an Indian corporation.  Suzlon time chartered several ships in order to deliver cargoes for an affiliated company in India to the United States.

6.     On April 19, 2006, EP-Team and Suzlon entered into a Sales and Logistics Services Agreement ("Services Agreement") whereby Suzlon appointed EP-Team as its exclusive United States sales agent to establish a sales and management operation to secure freight and associated revenue on ships that Suzlon had chartered for the return voyages from the United States to India.

7.     Pursuant to the terms of the Services Agreement, EP-Team was the exclusive agent for the appropriate selection, assignment, and management of the terminal facilitation, stevedoring and heavy-lift operations related to the discharge and loading of Suzlon's vessels at U.S. ports and loading and discharge at intermediate or other destination ports.

8.    The Services Agreement provides that the rights and duties of the parties are assignable, in whole or in part, by either of the parties. Accordingly, EP-Team, with the knowledge and consent of Suzlon, assigned its rights and duties under the Services Agreement to PSL.

9.    During the term of the Services Agreement, Suzlon was reorganized as the Defendant Aspen Infrastructures, Ltd.

10.    At all times, and as reiterated in a letter dated May 18, 2006, Aspen/Suzlon recognized PSL as its exclusive U.S. agent for negotiating and accepting freight or cargo onto its vessels under the Services Agreement. At all relevant times PSL was in full compliance with the terms of the Services Agreement.

11.    The Services Agreement, as amended by various addenda, provides that it may be terminated for cause, which is defined as a serious breach and/or an act of willful negligence causing loss to the non-breaching party, following the breaching party's failure to cure said breach within 30 days of the notification by the non-breaching party of the breach. The Services Agreement further provides that following a proper notice of termination, the parties are obligated to perform their respective duties for shipments that are already underway, and that the parties are bound by the Services Agreement until termination is completed in totality.

12.    On July 5, 2007, Aspen purported to terminate the agreement, stating in pertinent part: "...please note that from 1st August '07, the owners [Aspen] will have alternate arrangements in place and thus ProShipLine will cease to be our agents...This serves as required notice."

13.    Aspen is in breach of the contract by purporting to terminate same without cause on either the part of PSL or its assignor EP-Team.

14.    As a result of the wrongful actions of Aspen, Plaintiffs have suffered and will suffer damages in the amount of $5,750,000, for which they are entitled to restitution.

15.    The Services Agreement provides for arbitration of disputes in Singapore, where it is the custom and practice to award attorneys' fees and arbitrators' expenses in favor of the prevailing party against the losing party. To this end, Plaintiffs have agreed to submit to an arbitration of the disputes in Singapore and that procedure has begun. Despite the contractual provisions requiring an arbitration, however, Defendant Aspen has taken the position that PSL is not a party to the contract and has refused to agree that PSL's claims may be submitted to the arbitration panel. In the event that it is determined that PSL's claims are not subject to arbitration, PSL reserves the right to pursue litigation against Aspen. Plaintiffs reasonably estimate that they will incur recoverable attorneys' fees associated with the Singapore arbitration or any potential litigation in the amount of $330,000 (£160,000) and arbitrators' expenses in the amount of $310,000 (£150,000).

16.    This action is brought to obtain jurisdiction over Defendant Aspen as well as to obtain security for any eventual arbitration award rendered in Singapore or any judgment in litigation brought by PSL against Defendant Aspen. This action is further brought to obtain security for any additional sums to cover Plaintiffs' anticipated attorney's fees, interest and costs, all of which are recoverable under applicable law.

17.    As best as can now be estimated, Plaintiffs' damages will amount to $6,390,000, consisting of lost revenue of $5,750,000, attorney's fees of $330,000 and arbitrator's fees of $310,000.

18.    After investigation, Defendant Aspen Infrastructures, Ltd. cannot be "found" in this District for purposes of and as delineated in Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and Fed. R. Civ. P. 64 with respect to Texas state law. Plaintiffs understand that Defendant Aspen Infrastructures, Ltd. has, or will shortly have, assets within this District, including but not limited to, cash, funds, escrow funds, credits, debts, wire transfer, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and sub-charter hire, at or being transferred and/or wired to, from or through local banks and/or other persons as further investigation may uncover.  Plaintiffs desire to attach any and all such assets up to the amount of $6,390,000.

19.    Plaintiffs also understand that the M/V BELUGA REVOLUTION has or will soon arrive in this District and has aboard certain bunkers and other property belonging to Defendant Aspen Infrastructures, Ltd., which Plaintiffs desire to attach as security for any eventual arbitration award rendered in Singapore.

20.    The total amount sought to be attached by Plaintiffs pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims or Fed. R. Civ. P. 64 is $6,390,000, inclusive of recoverable attorney's fees, arbitrator's fees, and other costs of litigation or arbitration.

**W H E R E F O R E**, Plaintiffs pray:

1.      That process in due form of law according to the practice of this Court may issue against Defendant Aspen Infrastructures, Ltd., citing it to appear and answer the foregoing, failing which a default judgment will be taken against it for the principal amount of the claim, plus interest, costs and attorney's fees;

2.      That if Defendant Aspen Infrastructures, Ltd. cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, that all assets of Defendant up to and including $6,390,000 be restrained and attached, including but not limited to cash, funds, escrow funds, credits, wire transfer, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, at or being transferred and/or wired to, from or through local banks and/or other persons upon who a Writ of Maritime Attachment may be served;

3.      That process of attachment in due form of law according to the practice of the Court in cases of maritime jurisdiction, or in the alternative, according to the practice of the courts of the State of Texas as permitted under Fed. R. Civ. P. 64, may issue against Defendant Aspen Infrastructures, Ltd. for any bunkers or other property owned by Defendant aboard the M/V BELUGA REVOLUTION, and that all persons having any interest therein be cited to appear and answer under oath all matters raised herein, and that the Court give judgment in favor of Plaintiffs for their damages, together with interest, costs and attorney's fees, and that the property or rights attached be sold or negotiated to pay or serve as security for any judgment or eventual arbitration award;

4.      And for such other and further relief, both at law and in equity, as the Court may deem just and proper.

Respectfully submitted,

GEORGE F. CHANDLER, III
SDTX I.D. No.: 12256
ROBERT G. MOLL
SDTX I.D. No.: 15213
Texas Bar No.:  00784622
712 Main St., Suite 1515
Houston, Texas 77002
Tel.:    713/222-1515
Fax:    713/222-1359
Email: **gchandler@hillrivkins.com**
          **rmoll@hillrivkins.com**

OF COUNSEL:

HILL RIVKINS & HAYDEN LLP

MARK W. ROMNEY
SDTX I.D. No.: 208180
Texas Bar No.:  17225750
500 N. Akard St., Suite 2500
Dallas, Texas 75201
Tel.:    214/245-3062
Fax:    214/245-3097
Email:
**mromney@shannongracey.com**

OF COUNSEL:

SHANNON GRACEY RATLIFF & MILLER, LLP

**ATTORNEYS FOR PLAINTIFFS**

## **SCHEDULE A**

Plaintiffs' legal status and place of business:

**ProShipLine, Inc.** is a corporation with a place of business in Houston, Texas.

**EP-Team, Inc.** is a corporation with a place of business in Houston, Texas.

Defendants' legal status and places of business:

**M/V BELUGA REVOLUTION** is a general cargo vessel sailing under the German flag. Its IMO Number is 9267742. The vessel was built in 2005, and its gross tonnage is 8,963 metric tons.

**Aspen Infrastructures, Ltd. f/k/a Suzlon Infrastructure, Ltd.** is a foreign corporation or other business entity existing under law which regularly does business in Texas and the United States as a common carrier of goods by water for hire, which does not maintain a regular place of business in this state or a designated agent for service of process, and thus may be served with process through Fed. R. Civ. P. 4(k)(2) or through the Texas Secretary of State under the Texas Long-Arm Statute, Tex. Civ. Prac. & REm. Code Sec. 17.044 *et. seq.*, which may forward process to Defendant at Defendant's home office address as follows:

5th Floor, Godrej Millennium
9 Koregaon Park Road, Pune
411 001, Maharaashtra, India.

## VERIFICATION

STATE OF TEXAS                §
                                          §
COUNTY OF HARRIS        §

Jesus R. Baiza, being duly sworn, deposes and says:

I am the General Manager and authorized agent of ProShipLine, Inc., a Plaintiff in

this action. I am over twenty-one (21) years of age and fully competent to make this

Verification. I have read the foregoing Complaint and know its contents. The Complaint

is true to my knowledge, except as to the matters stated in the Complaint to be based on

information and belief, and as to those matters, I believe them to be true.

My attorneys contacted the Texas Secretary of State and the Texas Comptroller

and conducted a search for corporations named "Aspen Infrastructures, Ltd." or "Suzlon

Infrastructure, Ltd." The search result indicated that neither were Texas corporations, nor

were either licensed, authorized or registered to do business in the State of Texas as either

a domestic or foreign corporation.

The source of my information and the grounds for my belief as to those matters

stated in the Complaint, to be alleged on information and belief, are documents and

records in my files.

_____
Jesus R. Baiza

Subscribed and sworn to before me, the undersigned notary public, on this ____

day of December, 2007, to certify which witness my hand and official seal.

VERONICA R SILVA
Notary Public
STATE OF TEXAS
My Comm. Exp. 02-27-10

_____
Notary Public, State of Texas

07 Civ. 10969 (RWS)

DECLARATION OF JOHN A. ORZEL IN SUPPORT OF DEFENDANT'S
APPLICATION

# *Exhibit E*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| EP-TEAM, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | CIVIL ACTION NO. H-07-2549 |
| | § | |
| ASPEN INFRASTRUCTURE, LTD. | § | |
| | § | |
| Defendant. | § | |

### ORDER

IT IS HEREBY ORDERED that the above-captioned case shall be **ADMINISTRATIVELY CLOSED**. The parties are granted leave to move to reinstate the case on the Court's active docket at the conclusion of the arbitration proceedings. A copy of this Order shall be attached as an exhibit to any motion to reinstate.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the _____ day of December, 2007, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**

07 Civ. 10969 (RWS)

DECLARATION OF JOHN A. ORZEL IN SUPPORT OF DEFENDANT'S
APPLICATION

# *Exhibit F*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EP-TEAM, INC. and                    )
PROSHIPLINE, INC.                    )
                                     )
                Plaintiff,           )
                                     )
                                     )    Case No. H-07-2549
v.                                   )
                                     )
ASPEN INFRASTRUCURE, LTD. f/k/a      )
SUZLON INFRASTRUCTURE, LTD,          )
                                     )
                Defendant.           )
                                     )

## AFFIDAVIT OF DAVID R. PULK

I, David R. Pulk, declare under penalty of perjury that the following is true and correct.

1.      I am the Chief Executive Officer and President of EP Team, Inc. ("EP Team") and a Director of ProShipLine, Inc. ("ProShipLine") and am, and at all material times have been, a duly authorized agent for both of those entities, in the above-entitled and numbered cause of action.

2.      Contrary to the statement made by Mr. Sanjivv Bangad in his affidavit submitted in support of the Motion for Stay on behalf of Aspen Infrastructures, Ltd. ("AIL"), the initial "Sales and Logistics Service Agreement" (the "Contract") between Suzlon Infrastructure, Ltd. ("SIL") and EP Team, Inc. was entered into on April 19, 2006. Later, on April 20, 2006 an amendment to the Contract was agreed upon between the parties. After that, on November 10, 2006, a second amendment to the Contract was agreed upon between the parties. I have attached hereto a true and correct copy of the entire Contract with both of the amendments as Exhibit 1. On April 11, 2007, SIL changed its name to AIL. Thereafter ProShipLine dealt with AIL regarding performance within the scope of work under the Contract.

3.      At the time of the negotiation of the Contract it was requested by SIL that EP Team provide for exclusivity and dedicated services to SIL for performance under the Contract and for which EP Team agreed to establish a new company to which it would assign its performance under the Contract. Sometime between April 20, 2006 and May 9, 2006, ProShipLine, Inc. was formed and EP Team assigned its rights and duties under the Contract to it with complete notice to and the approval of AIL.

-1-



4.    All of the bank accounts maintained for the performance of the Contract were in the name of ProShipLine. With the exception of a loan from EP Team to SIL in order to allow the discharge of freight from the first vessel under the terms of the Contract, and at the specific request of SIL, EP Team did not send or receive any money pertaining to the performance of the Contract, a fact which was always known by SIL/AIL.

5.    Any claims which AIL has from the performance of the Contract are against ProShipLine rather than EP Team.

6.    After AIL unilaterally terminated the Contract without cause on August 1, 2007, and without any agreement on the resolution of the differences between AIL and ProShipLine, EP Team and ProShipLine commenced this lawsuit in the Federal Court in Houston to seek direction on the application of law to the dispute, the implementation of the arbitration provision in the Contract and the safeguarding of the funds remaining in the ProShipLine impress account.

7.    ProShipLine believes that AIL breached the Contract and that ProShipLine will be entitled to recover damages against AIL, either in a lawsuit or an arbitration, far in excess of that amount.

8.    ProShipLine has requested that the Court order the payment of the remaining funds in the impress account into an escrow account which will then be used to pay any judgment which ProShipLine obtains from AIL.

9.    On October 12, 2007, without ProShipLine's knowledge, AIL filed for and obtained an order from the United States District Court for the Southern District of New York against EP Team for an attachment under the Admiralty Supplemental Rule B of the Federal Rules of Civil Procedure. I have attached hereto as Exhibit 2 a true and correct copy of the Complaint filed by AIL in the New York case (without exhibits).

10.    On November 12, 2007, ProShipLine and EP Team received a notice from the New York counsel for AIL that US$6,098.56 has been attached from an EP Team bank account at JP Morgan Chase Bank.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 15, 2007.

David R. Pulk

07 Civ. 10969 (RWS)

DECLARATION OF JOHN A. ORZEL IN SUPPORT OF DEFENDANT'S APPLICATION

# *Exhibit G*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EP-TEAM, INC. and<br>PROSHIPLINE, INC.<br><br>Plaintiff,<br><br>v.<br><br>ASPEN INFRASTRUCURE, LTD. f/k/a<br>SUZLON INFRASTRUCTURE, LTD,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. H-07-2549<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF JESUS R. BAIZA

I, Jesus R. Baiza, declare under penalty of perjury that the following is true and correct.

1.      I am the General Manager of ProShipLine, Inc. ("ProShipLine") and am, and at all material times have been, a duly authorized agent for ProShipLine, which was assigned a contract by EP Team, Inc. ("EP Team"), in the above-entitled and numbered cause of action.

2.      All of the bank accounts maintained for the performance of the "Sales and Logistics Service Agreement" (the "Contract") between Suzlon Infrastructure, Ltd. ("SIL") and EP Team were in the name of ProShipLine. With the exception of a loan from EP Team to SIL in order to allow the discharge of freight from the first vessel under the terms of the Contract, and at the specific request of SIL, EP Team did not send or receive any money pertaining to the performance of the Contract, a fact which was always known by SIL which later changed its name to Aspen Infrastructure, Ltd. ("AIL").

3.      All of the invoices which were prepared for the agency fee (commission) under the Contract were issued in the name of ProShipLine and not in the name of EP Team. All of these invoices were sent to AIL for approval prior to being paid. Many of the invoices contained the statement that **ProShipLine, Inc. as agents for Aspen Infrastructure Limited (Owners).**

4.      On July 5, 2007, ProShipLine was advised by Mr. Sanjivv Bangad of AIL that from August 1, 2007, it would no longer be the agent for AIL. ProShipLine understood this action to be the unilateral breach of the Contract by AIL that indicated



-1-



EXHIBIT

B

AIL did not intend to perform any further obligations imposed by the Contract after August 1, 2007. ProShipLine accepted this breach by AIL and understood that ProShipLine was discharged from performing, after August 1, 2007, any obligations under the Contract. Prior to receiving the notice, AIL had never advised ProShipLine that AIL considered ProShipLine to be in breach of any of its obligations under the Contract.

5.      ProShipLine at all times fully accounted for ocean freights which were collected on behalf of AIL during the operation of the Contract.

6.      ProShipLine fulfilled all of its obligations to AIL under the Contract up to the time of termination of the Contract by AIL which was Midnight, July 31, 2007, USA Central Daylight Time.

7.      ProShipLine at all times negotiated in good faith and kept proper accounts of payments made on behalf of AIL to third-party service providers. Under the terms of the Contract, ProShipLine made payments to third-party service providers on behalf of AIL only upon the express authorization of AIL.

8.      ProShipLine made payments to third-party service providers upon the express instructions of AIL as received prior to the termination of the Contract by AIL on August 1, 2007.

9.      Any claims which AIL has from the performance of the Contract are against ProShipLine rather than EP Team.

10.     The ProShipLine impress account which has funds pertaining to the performance of the Contract has a balance of approximately $699,000.

11.     ProShipLine believes that AIL breached the Contract and that ProShipLine will be entitled to recover damages against AIL, either in a lawsuit or an arbitration, far in excess of that amount.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 15, 2007.

Jesus R. Baiza

07 Civ. 10969 (RWS)

DECLARATION OF JOHN A. ORZEL IN SUPPORT OF DEFENDANT'S
APPLICATION

# Exhibit H

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HONORABLE FRANKLIN D. BURGESS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

PROSHIPLINE, INC., EP-TEAM, INC.          )
                                          )    IN ADMIRALTY
                    Plaintiffs,           )
                                          )
          v.                              )    No.  C07-5660
                                          )
ASPEN INFRASTRUCTURES, LTD,               )    **MARITIME RELEASE BOND**
f/k/a SUZLON INFRASTRUCTURE,              )
LTD.;                                     )
                                          )
                    Defendants.           )
                                          )
MASTERS AND PURSERS OF THE                )
M/S MARGARETHA GREEN; M/S                 )
BELUGA FOUNDATION; M/S                    )
BELUGA REVOLUTION; M/S                    )
BELUGA SPIRIT; M/S BELUGA                 )
INSPIRATION; M/S BELUGA                   )
FASCINATION; M/S BELUGA                   )
ETERNITY; M/S BELUGA                      )
EMOTION; M/S BELUGA FUSION;               )
CONOCOPHILLIPS (USA); TESORO              )
PETROLEUM CORPORATION;                    )
GENERAL STEAMSHIP                         )
CORPORATION; GENERAL                      )
STEAMSHIP AGENCY; JONES                   )
STEVEDORING COMPANY,                      )
                    Garnishees.

WHEREAS, the Plaintiffs have obtained an ex parte order dated November 27, 2007 authorizing issuance of Process of Maritime Garnishment under Admiralty Rule B against assets of Defendant in the Possession of the vessel MARGARETHA GREEN, and have thereby garnished assets worth FIVE HUNDRED THIRTY-TWO THOUSAND, FIVE HUNDRED THIRTY-NINE AND NO/100 DOLLARS ($532, 539.00); and

WHEREAS the Defendant seeks to provide substitute security in the form of a Bond for such assets without waiver or prejudice of any of Defendant's claims and defenses in the above-captioned action, including but not limited to defenses against the garnishment itself, and claims and defenses in any other action or arbitration that has been or will be commenced involving either or both Plaintiffs, and that the provision of this Bond is understood to be entirely without prejudice to any and all such rights;

NOW THEREFORE, Aspen Infrastructures, Ltd., as Principal, and International Fidelity Insurance Company, as surety, which has an office and principal place of business at One Newark Center, 20th Floor, Newark, NJ 07102, hereby agree that, so long as the above-referenced garnishment in this action has not been set aside or withdrawn, they will be firmly bound for the benefit of one or both Plaintiffs as to any asserted claim herein or in any arbitration thereof pertaining to the subject matter of the Complaint in the above-captioned matter in the sum of FIVE HUNDRED THIRTY-TWO THOUSAND, FIVE HUNDRED THIRTY-NINE AND NO/100 DOLLARS ($532, 539.00).

The condition of this obligation is that if either Plaintiff shall obtain a final arbitration award or judgment by a court of competent jurisdiction as to the subject matter of the above-captioned Complaint, then the Principal and the Surety shall satisfy such final award or judgment, after any and all appeals thereof have been decided and/or the time therefor has expired, up to and including the sum of FIVE HUNDRED

THIRTY-TWO THOUSAND, FIVE HUNDRED THIRTY-NINE AND NO/100

DOLLARS ($532, 539.00). However, this obligation shall cease if the above-referenced

garnishment is set aside or withdrawn.

    PROVIDED further that under no condition shall the liability under this Bond

exceed the sum stated above.

    This Bond is furnished entirely without prejudice to any rights or defenses

Defendant might have, none of which may be deemed waived by the provision of this

Bond.

    DATED this 7th day of December, 2007.


                    PRINCIPAL:

                    ASPEN INFRASTRUCTURES, LTD.


                    Marc. E. Warner

                    Legros Buchanan & Paul as attorneys In
                    Fact for Principal


                    SURETY:

                    INTERNATIONAL FIDELITY
                    INSURANCE COMPANY

                    Darlene A. Bornt, Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
## INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

CLARK F. FITZ-HUGH, DARLENE A. BORNT, KATHERINE E. WERNER, CATHERINE C. KEHOE,
KRISTINE K. SELLERS, MARLEY M. MORRIS, ELIZABETH TREADWAY, CANDICE T. GROS,
R. TUCKER FITZ-HUGH, LINDA A. BOURGEOIS

New Orleans, LA

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and.

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982, of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 29th day of August, A.D. 2003.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Secretary

On this 29th day of August 2003, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company, that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2010

### CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this 1ST day of DECEMBER, 2007.

Assistant Secretary

07 Civ. 10969 (RWS)

DECLARATION OF JOHN A. ORZEL IN SUPPORT OF DEFENDANT'S
APPLICATION

# *Exhibit I*

# U.S. District Court
## United States District Court for the Western District of Washington (Tacoma)
## CIVIL DOCKET FOR CASE #: 3:07-cv-05660-FDB

Proshipline Inc et al v. Aspen Infrastructures Ltd et al
Assigned to: Hon. Franklin D. Burgess
Cause: 28:1331 Fed. Question

Date Filed: 11/27/2007
Jury Demand: None
Nature of Suit: 345 Marine Product Liability
Jurisdiction: Federal Question

**Plaintiff**
**Proshipline Inc**

represented by **Steven V Gibbons**
GIBBONS & WHYTE
1301 FIFTH AVENUE
STE 2600
SEATTLE, WA 98101-2622
206-381-3340
Email: svg@gibbonswhytelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**EP-Team Inc**

represented by **Steven V Gibbons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
**Aspen Infrastructures Ltd**
*formerly known as*
Suzlon Infrastructure Ltd

represented by **Marc E. Warner**
LEGROS BUCHANAN & PAUL
701 5TH AVE
STE 2500
SEATTLE, WA 98104-7051
206-623-4990
Fax: FAX 467-4828
Email: mwarner@legros.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Suzlon Infrastructure Ltd**

**Garnishee**
**Masters and Pursers**
*of the M/S Margaretha Green, M/S Beluga
Foundation, M/S Beluga Revolution, M/S
Beluga Spirit, M/S Beluga Inspiration, M/S
Beluga Fascination, M/S Beluga Eternity,*

WAWD CM/ECF Version 3.0.6 - Docket Report                                        Page 2 of 6

*M/S Beluga Emotion, M/S Beluga Fusion*

**Garnishee**

**ConocoPhillips**

**Garnishee**

**Tesoro Petroleum Corporation**

**Garnishee**

**General Steamship Corporation**

**Garnishee**

**Jones Stevedoring Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/27/2007 | 1 | VERIFIED COMPLAINT IN PERSONAM and APPLICATION FOR SUPPLEMENTAL ADMIRALTY RULE B ATTACHMENT against defendants Aspen Infrastructures Ltd f/k/a Suzlon Infrasture Inc (Summonses issued)(Receipt #SEA 13716), filed by Proshipline Inc and EP-Team Inc. (Attachments: # 1 Civil Cover Sheet) (CMG, ) (Entered: 11/30/2007) |
| 11/27/2007 | 2 | DECLARATION of Counsel for Plaintiffs that Defendant no found in District (CMG, ) (Entered: 11/30/2007) |
| 11/27/2007 | 3 | PRAECIPE TO ISSUE SUMMONS by Plaintiffs Proshipline Inc, EP-Team Inc. (iss'd) (CMG, ) (Entered: 11/30/2007) |
| 11/27/2007 | 5 | MOTION for Order to Issue Process of Maritime Attachment and Garnishment by Plaintiffs Proshipline Inc, EP-Team Inc. (Attachments: # 1 Proposed Order # 2 Proposed Writ)Noting Date 11/27/2007.(CMG, ) (Entered: 11/30/2007) |
| 11/29/2007 | 15 | FIRST AMENDED VERIFIED COMPLAINT in personam and application for supplemental admiralty, filed by Proshipline Inc, EP-Team Inc.(DF, ) (Entered: 12/04/2007) |
| 11/29/2007 | 16 | PRAECIPE TO ISSUE SUMMONS by Plaintiffs Proshipline Inc, EP-Team Inc. (iss'd) (DF, ) (Entered: 12/04/2007) |
| 11/30/2007 | 4 | PRAECIPE TO ISSUE SUMMONS by Plaintiffs Proshipline Inc, EP-Team Inc. (iss'd) (DF, ) (Entered: 11/30/2007) |
| 11/30/2007 | 6 | NOTICE of Appearance by attorney Marc E. Warner on behalf of Defendant Aspen Infrastructures Ltd. (Warner, Marc) (Entered: 11/30/2007) |
| 11/30/2007 | 7 | REQUEST by Defendant Aspen Infrastructures Ltd for Post-Attachment Hearing re 5 MOTION for Order to Issue Process of Maritime Attachment and Garnishment. (Warner, Marc) (Entered: 11/30/2007) |
| 11/30/2007 | 8 | NOTICE of Hearing: In-court Hearing set for 12/4/2007 at 02:00 PM in C Courtroom before Hon. Franklin D. Burgess. Counsel to file briefs or responses by 12:00 P.M. on Monday, 12/3/07.(PL, ) (Entered: 11/30/2007) |
| 12/03/2007 | 9 | *Defendant's Brief as to Hearing on Rule B Attachment* BRIEF re 7 Request, [8] Notice of Hearing by Defendant Aspen Infrastructures Ltd. (Warner, Marc) (Entered: |

| | | 12/03/2007 |
|---|---|---|
| 12/03/2007 | 10 | DECLARATION of Capt. Charlito Estada re 9 Brief *as to Hearing on Rule B Attachment* by Defendant Aspen Infrastructures Ltd. (Warner, Marc) (Entered: 12/03/2007) |
| 12/03/2007 | 11 | DECLARATION of Amit Shetty re 9 Brief *as to Hearing on Rule B Attachment* by Defendant Aspen Infrastructures Ltd. (Warner, Marc) (Entered: 12/03/2007) |
| 12/03/2007 | 12 | DECLARATION of Amit Shetty re 9 Brief *as to Hearing on Rule B Attachment* by Defendant Aspen Infrastructures Ltd. (Warner, Marc) (Entered: 12/03/2007) |
| 12/03/2007 | 13 | DECLARATION of Kevin King in Support of Defendants' Brief as to Hearing on Rule B Attachment re 9 Brief *as to Hearing on Rule B Attachment* by Defendant Aspen Infrastructures Ltd. (Warner, Marc) (Entered: 12/03/2007) |
| 12/03/2007 | 14 | *Plaintiffs' Memorandum in Support of Rule B Attachment and Garnishment* BRIEF re 10 Declaration, 13 Declaration, 9 Brief, 12 Declaration, 11 Declaration by Plaintiff EP-Team Inc. (Gibbons, Steven) (Entered: 12/03/2007) |
| 12/05/2007 | 17 | RESPONSE by Defendant Aspen Infrastructures Ltd re 5 MOTION for Order to Issue Process of Maritime Attachment and Garnishment *Bond Agreement As Substitute Security for Supp. Rule B Maritime Attachment Pursuant to Supp. Rule E(5).* (Warner, Marc) (Entered: 12/05/2007) |
| 12/05/2007 | 18 | REQUEST *Hearing for Approval of Bond* by Defendant Aspen Infrastructures Ltd for Hearing for Approval of Bond. (Warner, Marc) (Entered: 12/05/2007) |
| 12/06/2007 | 19 | DECLARATION of STEVEN V. GIBBONS re 18 Request, 17 Response, *Declaration of Counsel re Form of Bond* by Plaintiff EP-Team Inc. (Gibbons, Steven) (Entered: 12/06/2007) |
| 12/06/2007 | 20 | EXHIBIT *EXHIBIT C TO DECLARATION OF SVG* re 19 Declaration by Plaintiff EP-Team Inc. (Gibbons, Steven) (Entered: 12/06/2007) |
| 12/06/2007 | 21 | EXHIBIT *A TO DECL OF SVG* re 19 Declaration by Plaintiff EP-Team Inc. (Gibbons, Steven) (Entered: 12/06/2007) |
| 12/06/2007 | 22 | EXHIBIT *B TO DECL OF SVG* re 19 Declaration by Plaintiff EP-Team Inc. (Gibbons, Steven) (Entered: 12/06/2007) |
| 12/06/2007 | 23 | ORDER Setting Briefing Schedule and Hearing re 18 Request filed by Aspen Infrastructures Ltd by Judge Franklin D. Burgess. (BWM) (Entered: 12/06/2007) |
| 12/06/2007 | 24 | NOTICE of Hearing: Oral Argument is set for 12/10/2007 at 02:00 PM in C Courtroom before Hon. Franklin D. Burgess regarding the Bond filed as security in this matter. Briefs by both parties are due no later than 9:00 AM on 12/10/07.(PL, ) (Entered: 12/06/2007) |
| 12/07/2007 | 25 | Emergency MOTION for Release of Vessel and Garnished Assets to Depart Jurisdiction and [Proposed] Order by Defendant Aspen Infrastructures Ltd. Noting Date 12/7/2007. (Warner, Marc) Modified on 12/10/2007 (ECS, ). (Entered: 12/07/2007) |
| 12/07/2007 | 26 | STIPULATION AND PROPOSED ORDER *to Release Vessel* by parties re 25 Emergency MOTION for Release of Vessel and Garnished Assets to Depart Jurisdiction. (Warner, Marc) Modified on 12/10/2007 (ECS, ). (Entered: 12/07/2007) |
| 12/07/2007 | 27 | STIPULATION AND ORDER re 26 filed by Aspen Infrastructures Ltd - The vessel |

WAWD CM/ECF Version 3.0.6 - Docket Report

| | | |
|---|---|---|
| | | MARGARETHA GREEN is allowed to immediately depart this jurisdiction, with all supplies, stores, fuel and goods on board. Signed by Judge Franklin D. Burgess. (PL, ) (Entered: 12/07/2007) |
| 12/10/2007 | 28 | MEMORANDUM *RE FORM OF RELEASE BOND* by Plaintiff EP-Team Inc. (Gibbons, Steven) Modified on 12/11/2007 (ECS, ). (Entered: 12/10/2007) |
| 12/10/2007 | 29 | DECLARATION of SVG re 28 Memorandum by Plaintiff EP-Team Inc. (Gibbons, Steven) (Entered: 12/10/2007) |
| 12/10/2007 | 30 | EXHIBIT *A* re 29 Declaration by Plaintiff EP-Team Inc. (Gibbons, Steven) (Entered: 12/10/2007) |
| 12/10/2007 | 31 | PROPOSED ORDER (Unsigned) re 29 Declaration, 28 Memorandum, 30 Exhibit *A*. (Gibbons, Steven) (Entered: 12/10/2007) |
| 12/10/2007 | 32 | MEMORANDUM filed by Defendant Aspen Infrastructures Ltd *in Support for Approval of Bond Language and For Counter-Security and for Order to Commence Arbitration* re 25 Emergency MOTION for Release of Vessel and Garnished Assets to Depart Jurisdiction (Attachments: # 1 Proposed Order)(Warner, Marc) Modified on 12/11/2007 (ECS, ). (Entered: 12/10/2007) |
| 12/10/2007 | 33 | DECLARATION of Marc E. Warner in Support of Approval of Bond Language and for Counter-Security and Possible Vacation of Garnishment filed by Defendant Aspen Infrastructures Ltd re 25 Emergency MOTION for Release of Vessel and Garnished Assets to Depart Jurisdiction (Warner, Marc) Modified on 12/11/2007 (ECS, ). (Entered: 12/10/2007) |
| 12/10/2007 | 34 | ORDER Re Form of Bond and Staying Case Pending Arbitration re 18 Request filed by Aspen Infrastructures Ltd by Judge Franklin D. Burgess. (BWM) (Entered: 12/10/2007) |
| 12/10/2007 | 35 | MINUTE ENTRY for proceedings held before Judge Franklin D. Burgess - Dep Clerk: *P LeFrois*; Pla Counsel: *Steve Gibbons*; Def Counsel: *Marc Warner*; CR: *Teri Hendrix*; **In Court Hearing** held on 12/10/2007. Hearing held to determine the propriety of the Bond that Defendant has filed with the Court in this matter as security for assets garnished under Supplemental Admiralty Rule B. Counsel argue and present facts regarding the arbitration award and the Bond. Court advises will issue an order at a later date. (PL, ) (Entered: 12/10/2007) |
| 12/10/2007 | | mcal: Defendant shall file a bond per 34 Order by 12/14/07. (DF, ) (Entered: 12/11/2007) |
| 12/10/2007 | | ORDER STAYING CASE PER 34 ORDER Re Form of Bond and Staying Case Pending Arbitration.by Judge Franklin D. Burgess. (DF, ) (Entered: 12/11/2007) |
| 12/11/2007 | 36 | RETURN OF SERVICE by US Marshal's Office UNEXECUTED of Writ of Attachment on garnishee ConocoPhillips on 11/29/07. (DF, ) (Entered: 12/11/2007) |
| 12/11/2007 | 37 | RETURN OF SERVICE by US Marshal's Office UNEXECUTED of Writ of Attachment on garnishee Tesoro Petroleum Corporation on 11/29/07. (DF, ) (Entered: 12/11/2007) |
| 12/11/2007 | 38 | RETURN OF SERVICE by US Marshal's Office of Writ of Attachment on garnishee General Steamship Corporation on 11/29/07. (DF, ) (Entered: 12/11/2007) |
| 12/11/2007 | 39 | RETURN OF SERVICE by US Marshal's Office of Writ of Attachment on garnishee Jones Stevedoring Company on 11/29/07. (DF, ) (Entered: 12/11/2007) |

| 12/11/2007 | 40 | RETURN OF SERVICE by US Marshal's Office of Writ of Attachment on garnishee Masters and Pursers on 11/29/07. (DF, ) (Entered: 12/11/2007) |
| 12/11/2007 | 41 | RETURN OF SERVICE by US Marshal's Office of Writ of Attachment on garnishee General Steamship Corporation on 11/29/07. (DF, ) (Entered: 12/11/2007) |
| 12/11/2007 | 42 | ERRATA *ORDER OF NOVEMBER 27* by Plaintiff EP-Team Inc. (Gibbons, Steven) (Entered: 12/11/2007) |
| 12/11/2007 | 43 | ERRATA *WRIT OF NOVEMBER 27* by Plaintiff Proshipline Inc. (Gibbons, Steven) (Entered: 12/11/2007) |
| 12/12/2007 | 46 | RETURN OF SERVICE by US Marshal's Office of Rule B Attachment on Aspen Infrastructures Ltd on 12/11/07 (DF, ) (Entered: 12/17/2007) |
| 12/12/2007 | 47 | RETURN OF SERVICE by US Marshal's Office of Rule B Attachment on defendant Aspen Infrastructures Ltd on 12/11/07 (DF, ) (Entered: 12/17/2007) |
| 12/13/2007 | 44 | STIPULATION AND PROPOSED ORDER *for Substitution of Bond* by parties. (Warner, Marc) Modified on 12/14/2007 (ECS, ). (Entered: 12/13/2007) |
| 12/14/2007 | 45 | NOTICE *Substitute Bond - Maritime Release Bond* re 44 Stipulation ; filed by Defendant Aspen Infrastructures Ltd. (Warner, Marc) (Entered: 12/14/2007) |
| 12/17/2007 | 48 | STIPULATED ORDER for substitution of Bond re 44 Stipulation filed by Aspen Infrastructures Ltd by Judge Franklin D. Burgess. (DF, ) (Entered: 12/17/2007) |
| 12/20/2007 | 49 | REQUEST by Defendant Aspen Infrastructures Ltd for Emergency Hearing as to Rule B Garnishment Actions. (Warner, Marc) (Entered: 12/20/2007) |
| 12/26/2007 | 50 | Emergency MOTION for Order to Show Cause *as to Rule B Garnishment* by Defendant Aspen Infrastructures Ltd. Oral Argument Requested. (Attachments: # 1 Proposed Order)Noting Date 12/27/2007.(Warner, Marc) Modified on 12/27/2007 (ECS, ). (Entered: 12/26/2007) |
| 12/27/2007 | 51 | MINUTE ENTRY for proceedings held before Judge James L. Robart - Pla Counsel: Steven V. Gibbons; Def Counsel: Marc E. Warner; Also present is Mr. Gaspich for the ship owner; CR: Laurene Kelly; Time of Hearing:1:00 p.m.; Motion Hearing held on 12/27/2007 re 50 Emergency MOTION for Order to Show Cause as to Rule B Garnishment filed by Aspen Infrastructures Ltd. The court heard this emergency motion due to the unavailability of the Honorable Judge Burgess. The court GRANTS the motion and orders that approximately 151.1 tons of bunker oil and all the diesel fuel aboard the BELGUA FUSION be removed by Plaintiffs by noon on December 30th. Mr. Gaspich and Mr. Warner accept service of the writ by the US Marshal. (MP, ) (Entered: 12/27/2007) |
| 12/27/2007 | 60 | MINUTE ENTRY for proceedings held before Judge James L. Robart - Pla Counsel: *Steven Gibbons*; Def Counsel: *Mark Warner*; CR: *Laurene Kelly*; **Motion Hearing** held on 12/27/2007.(CC, ) (Entered: 01/04/2008) |
| 12/31/2007 | 52 | Emergency MOTION for Order to Show Cause */Hearing on Approval of Bond and Release of Vessel* by Defendant Aspen Infrastructures Ltd. Oral Argument Requested. (Attachments: # 1 Proposed Order)Noting Date 12/31/2007.(Warner, Marc) Modified on 1/2/2008 (ECS, ). (Entered: 12/31/2007) |
| 12/31/2007 | 53 | DECLARATION of Additional Exhibit to Defendant's 52 Emergency MOTION for Order to Show Cause */Hearing on Approval of Bond and Release of Vessel* (Warner, |

| | | Marc) Modified on 1/2/2008 (ECS, ). (Entered: 12/31/2007) |
|---|---|---|
| 12/31/2007 | 54 | STIPULATION AND PROPOSED ORDER by parties re 52 Emergency MOTION for Order to Show Cause /Hearing on Approval of Bond and Release of Vessel. (Warner, Marc) Modified on 1/2/2008 (ECS, ). (Entered: 12/31/2007) |
| 12/31/2007 | 55 | NOTICE Maritime Release Bond re 54 Stipulation, 52 Emergency MOTION for Order to Show Cause /Hearing on Approval of Bond and Release of Vessel ; filed by Defendant Aspen Infrastructures Ltd. (Warner, Marc) Modified on 1/2/2008 (ECS, ). (Entered: 12/31/2007) |
| 12/31/2007 | 56 | ORDER striking 52 Emergency Motion for Order to Show Cause pursuant to the parties' stipulation and the court's order regarding same by Judge James L. Robart.(MP, ) (Entered: 12/31/2007) |
| 12/31/2007 | 57 | STIPULATION AND ORDER approving bond and releasing vessel from this district by Judge James L. Robart. (MP, ) (Entered: 12/31/2007) |
| 12/31/2007 | 58 | NOTICE Limited Appearance ; filed by Garnishee General Steamship Corporation. (Warner, Marc) (Entered: 12/31/2007) |
| 12/31/2007 | 59 | ANSWER to Writ of Garnishment /Writ of Foreign Attachment by Garnishee General Steamship Corporation. (Warner, Marc) Modified on 1/2/2008 (ECS, ). (Entered: 12/31/2007) |
| 01/02/2008 | 61 | RETURN OF SERVICE by US Marshal's Office of the Rule B Attachment upon the Master and Pursuer of M/S BELUGA FUSION on 12/27/07 (CMG, ) (Entered: 01/07/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/09/2008 18:11:27 | | |
| **PACER Login:** do0039 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 3:07-cv-05660-FDB |
| **Billable Pages:** 4 | **Cost:** | 0.32 |

07 Civ. 10969 (RWS)

DECLARATION OF JOHN A. ORZEL IN SUPPORT OF DEFENDANT'S
APPLICATION

# Exhibit J

THE HONORABLE FRANKLIN D. BURGESS

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

9
10

PROSHIPLINE, INC., EP-TEAM, INC.

      Plaintiffs,

11

v.

12

ASPEN INFRASTRUCTURES, LTD, f/k/a SUZLON
INFRASTRUCTURE, LTD.;

13
14

      Defendants.

15

MASTERS AND PURSERS OF THE M/S
MARGARETHA GREEN, et al.,

16
17

      Garnishees.

In Admiralty

No. C07-5660

**MARITIME RELEASE BOND**

18

19     WHEREAS, the Plaintiffs have obtained an Ex Parte Order dated November 27, 2007

20 authorizing issuance of Process of Maritime Garnishment under Admiralty Rule B against

21 assets of Defendant in the Possession of the vessel BELUGA FUSION, and have thereby

22 garnished assets of Defendant; and

23

MARITIME RELEASE BOND - Page 1
Case No. C07-5660

27029 .||302502

LE GROS BUCHANAN
& PAUL
701 FIFTH AVENUE
SUITE 2500
SEATTLE, WASHINGTON 98104-7051
(206) 623-4990

1    WHEREAS the Defendant seeks to provide substitute security in the form of Bond, without

2    waiver or prejudice of any of Defendant's claims and defenses in the above-captioned action,

3    including but not limited to defenses against the garnishment itself, and claims and defenses

4    in any other action or arbitration that has been or will be commenced involving either or both

5    Plaintiffs, and that the provision of this Bond is understood to be entirely without prejudice to

6    any and all such rights.

7        NOW THEREFORE, Aspen Infrastructures, Ltd, as Principal, and International

8    Fidelity Insurance Company, as Surety, which has an office and principal place of business at

9    1 Newark Center, Newark, New Jersey 07102 , hereby agree that, so long as the above-

10   referenced garnishment in this action has not been set aside or withdrawn, they will be firmly

11   bound for the benefit of one or both Plaintiffs as to any asserted claim herein or in any

12   arbitration thereof pertaining to the subject matter of the Complaint in the above-captioned

13   matter in the sum of FIFTY-ONE THOUSAND FOUR HUNDRED FIFTY-FIVE AND

14   24/100 DOLLARS ($ 51,455.24).

15       The condition of this obligation is that if either Plaintiff shall obtain a final arbitration

16   award or judgment by a court of competent jurisdiction as to the subject matter of the above-

17   captioned Complaint, then the Principal and the Surety shall satisfy such final award or

18   judgment, after any and all appeals thereof have been decided and/or the time therefore has

19   expired, up to and including the sum of FIFTY-ONE THOUSAND FOUR HUNDRED

20   FIFTY-FIVE AND 24/100 DOLLARS ($51,455.24). However, this obligation shall cease if

21   the above-referenced garnishment is set aside or withdrawn.

22       PROVIDED further that under no condition shall the liability under this Bond exceed

23   the sum stated above.

MARITIME RELEASE BOND - Page 2
Case No. C07-5660

27029  II302502

LE GROS BUCHANAN
& PAUL
701 FIFTH AVENUE
SUITE 2500
SEATTLE, WASHINGTON 98104-7051
(206) 623-4990

This Bond is furnished entirely without prejudice to any rights or defenses Defendant might have, none of which may be deemed waived by the provision of this Bond.

DATED this 31st day of December, 2007.

PRINCIPAL:

ASPEN INFRACTURES, LTD.

Marc E. Warner

Legros Buchanan & Paul as Attorneys-In-Fact for Principal

SURETY:

International Fidelity Ins. Co.

Darlene A. Bont

DARLENE A. Bont, Attorney-In-Fact

CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the

MARITIME RELEASE BOND - Page 3
Case No. C07-5660

27029 II302502

LE GROS BUCHANAN
& PAUL
701 FIFTH AVENUE
SUITE 2500
SEATTLE, WASHINGTON 98104-7051
(206) 623-4990

1

CM/ECF system, which will send notification of such filing to The
Honorable Franklin D. Burgess, and serve it on all associated counsel.

2

I certify under penalty of perjury under the laws of the State of

3

Washington that the foregoing is true and correct.

4

Signed at Seattle, Washington this 31st day of
December , 2007 .

5

/s/ Diana L. Inscore

6

Legal Secretary to Marc E. Warner, Esq.
LeGros Buchanan & Paul

7

701 Fifth Avenue, Suite 2500
Seattle, Washington 98104

8

Telephone:     206-623-4990
Facsimile:     206-467-4828

9

E-mail:     dinscore@legros.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

MARITIME RELEASE BOND - Page 4
Case No. C07-5660

LE GROS BUCHANAN
& PAUL
701 FIFTH AVENUE
SUITE 2500
SEATTLE, WASHINGTON  98104-7051
(206) 623-4990

27029 II302502

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

**KNOW ALL MEN BY THESE PRESENTS:** That **INTERNATIONAL FIDELITY INSURANCE COMPANY**, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

**DARLENE A. BORNT, CLARK P. FITZ-HUGH, KATHERINE B. WERNER, CATHERINE C. KEHOE, KRISTINE K. SELLERS, CANDICE T. GROS, R. TUCKER FITZ-HUGH, LINDA A. BOURGEOIS**

New Orleans, LA.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said **INTERNATIONAL FIDELITY INSURANCE COMPANY**, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN TESTIMONY WHEREOF, **INTERNATIONAL FIDELITY INSURANCE COMPANY** has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 29th day of August, A.D. 2003.



INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

_____
Secretary

On this 29th day of August 2003, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the     INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

_____
A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

### CERTIFICATION

I, the undersigned officer of **INTERNATIONAL FIDELITY INSURANCE COMPANY** do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this 31ST     day of December, 2007

_____
Assistant Secretary

**07 Civ. 10969 (RWS)**

**DECLARATION OF JOHN A. ORZEL IN SUPPORT OF DEFENDANT'S APPLICATION**

# *Exhibit K*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| PROSHIPLINE, INC., ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-4170 |
| | § | |
| M/V BELUGA REVOLUTION, ET AL. | § | |

## OPINION AND ORDER

On December 14, 2007, this Court conducted a Hearing on the Motion of Defendant, Aspen Infrastructures, Ltd., (Aspen) to vacate the Writ of Attachment issued by this Court on December 10, 2007, under Admiralty Rule B, at the verified request of Plaintiffs, EP-Team, Inc. and ProShipLine, Inc. (ProShipLine). The Writ provides for the attachment of Aspen's property aboard the M/V BELUGA REVOLUTION to perfect in personam jurisdiction over Aspen and to provide security for any potential judgment on its breach of contract claim arising from the alleged breach by Aspen of its Sales and Logistics Services Agreement with ProShipLine.

The Parties concede that Aspen is present in this district in the "jurisdictional" sense as a result of its substantial and ongoing commercial activities here. See Oregon Lumber Expert Co. v. Thoto Shipping Co., Ltd., 53 F.R.D. 351, 352 (W.D. Wash. 1970)  Therefore, the sole issue before the Court is whether Aspen is present in this district for service of process.

Initially, the Court finds that the affidavit attached to ProShipLine's verified complaint is, most likely, inadequate to support the issuance of a Writ of Attachment because it fails to state that "the Defendant cannot be found withing the district" as specifically required by Admiralty Rule B(1)(b).

Secondly, and most importantly, the Court finds that Aspen maintains a general agent within this district who could be served with process. The evidence developed at the Hearing established that following the termination of the contract made the basis of this litigation, General Maritime Agency, Inc., (GMA), with offices located at 11730 Jones Drive in Houston, Texas, was engaged as the general agent for Aspen and has continually and openly performed services consistent with that engagement including, but not limited to, booking and contracting for cargo, paying for necessaries, arranging for stevedores and surveyors, collecting for and dispersing monies to Aspen, and handling needed customs services. Consequently, GMA was the agent performing the activities within this district which made Aspen amenable to this Court's jurisdiction, hence, its general agent. See Green v. Compania De Navigacion Isabella, Ltd., 26 F.R.D. 616, 618 (S.D. N.Y. 1960)    GMA, therefore, qualifies as a manageing agent for purposes of service of process under Rule 4(h) of the Federal Rules of Civil Procedure. See Mattes v. National Hellenic Am. Line, S.A., 427 F.Supp. 619, 630 (S.D. N.Y. 1977)    It is inmaterial that GMA is not expressly authroized by Aspen to accept service of process on its behalf. Stefanakis v. Sociedad Maritimas Nicolas, S.A., 102 F.Supp. 544 (S.D. N.Y. 1952) Moreover, from the evidence it is clear that had GMA been served with process in this lawsuit, it would have forwarded the summons and complaint to its principle, Aspen. Cf. Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688-89 (9th cir. 1988)

The Court further finds that ProShipLine failed to use deligence to determine that Aspen could be found within the district. ProShipLine had a duty to make reasonable efforts to locate Aspen's general agent in this district before resorting to a Rule B attachment. Sociedad Transoceanica C. v. IntraAmerican Refin. Corp., 185 F.Supp. 294, 297 (D. N.J. 1960)    Had

2

ProShipLine exercised due diligence, it would have found Aspen's local general agent. ProShipLine already had actual knowledge of the past services being indirectly performed by GMA on behalf of Aspen's interests under ProShipLine's contract with Aspen and could have very easily determined that after the contract had been terminated GMA had taken on the direct responsibilities for the continuation of those services. Attachment is precluded under Admiralty Rule B if the Defendant has sufficient contacts with the district, which ProShipLine concedes, and the Defendant can be found within the geographical confines of the district for service of process. Aqua Stoli Shipping, Ltd. v. Gardner Smith PTY, Ltd., 460 F.3d 434, 443 (2ᵈ Cir. 2006)    Since Aspen's contact with this district satisfies both of those preclusive requirements, the Rule B Writ of Attachment was improperly issued.

For all of the foregoing reasons, it is the **ORDER** of this Court that the Writ of Attachment previously issued by this Court pursuant to Admiralty Rule B is **VACATED** and the Writ is **RECALLED**.

**DONE** at Galveston, Texas, this _____18th_____ day of December, 2007.

<div style="text-align:right;">

_____

John R. Froeschner
United States Magistrate Judge

</div>

3