HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROSHIPLINE, INC.,<br><br>               Plaintiff,<br><br>     vs.<br><br>ASPEN INFRASTRUCTURES, LTD.<br>f/k/a SUZLON INFRASTRUCTURE, LTD.,<br><br>              Defendant. | Index No.: 07-CV-10969<br><br>**DECLARATION OF JOHN J. SULLIVAN** |

John J. Sullivan, an attorney duly admitted to practice before this Honorable Court, declares under penalty of perjury as follows:

    1.     I am a member of the firm of Hill Rivkins & Hayden LLP, attorneys for the plaintiff, ProShipLine, Inc., ("PSL") in this matter, and as such, am fully familiar with the matter herein. I submit this Declaration in opposition to the motion of defendant Aspen Infrastuctures LTD. ("AIL") to vacate the order and process of maritime attachment against AIL, and/or to reduce the amount of attachment, and/or for countersecurity.

    2.     This action is a companion action to actions pending in the Southern District of Texas and the Western District of Washington. PSL has an underlying claim as assignee of a Services Contract between AIL and PSL's affiliate, EP-Team, Inc. Under the Services Contract, EP-Team agreed to perform various functions in the United States on AIL's behalf, in connection with several vessels that AIL had under long term time charter. These services

included procurement of freight for voyages from the United States to Asia, collection of freight, acting as port agent for the vessels, arranging for stevedoring, etc. Essentially, AIL's role as time charterer was to be fulfilled in the United States by EP-Team. Bangad Declaration, Exhibit A, at 1-2.

3.      The Services Contract provided that it could be assigned by either party in whole or in part. Bangad Declaration, Exhibit A, at 2. Accordingly, EP-Team established PSL to assume its rights and obligations under the Services Contract. On or about July 5, 2007, AIL sent PSL a notice stating that "Proshipline will seize (sic) to be our agents." Bangad Declaration, Exhibit D. PSL maintains that AIL breached the contract, as amended by "Addendum 2" in November 2006, which provided for termination only upon the commission of a material breach the other party.

4.      In response to AIL's purported termination, PSL and EP-team filed a complaint on or about August 6, 2007, for declaratory judgment in the Southern District of Texas, seeking a determination of the parties rights regarding arbitration and recovery for AIL's breach. Orzel Declaration, Exhibit B. Although both PSL and EP-Team were named as plaintiffs in the Texas action, AIL elected to name only EP-Team as a defendant when it filed its own Rule B action in this court on or about October 6, 2007.

5.      Accompanying this Declaration is the declaration of Michael Polonsky, Esq., solicitor for PSL and its corporate affiliate, EP-Team, Inc., in connection with the arbitration proceedings among AIL, EP-Team and PSL in Singapore. Mr. Polonsky's declaration sets out the various inconsistent positions AIL has asserted in connection with the arbitration of the underlying dispute in this matter. Mr. Polonsky's declaration also sets out PSL's calculation of the expected recoverable legal and arbitration expenses associated with PSL's proceeding against

AIL by way of arbitration in Singapore. As his declaration makes clear, the estimate of recoverable legal and arbitration expenses in PSL's complaint in this matter was conservative.

6.    AIL has made the argument on the pending motion that PSL does not intend to arbitrate its claims against AIL in Singapore. That statement is inaccurate. PSL does not intend to submit the issue of arbitrability of its claims to the arbitrators in Singapore, as that issue should properly be resolved in court in the U.S. To that end, on January 9, 2008, before AIL filed the instant motion to vacate, PSL and its affiliate EP-Team filed a motion in their declaratory judgment action in the Southern District of Texas to amend their complaint to include a claim that AIL is judicially estopped from denying its obligation to arbitrate PSL's claim. A copy of the motion and proposed amended complaint is attached as Exhibit 4 hereto.

7.    AIL has also implied that PSL surreptitiously filed its complaint in this action while an action brought by AIL against PSL's affiliate, EP-Team, was pending. This argument has no basis in fact because I specifically designated this case related to the action filed by AIL, and included a Statement of Relatedness. The Statement of Relatedness, a copy of which is attached hereto as Exhibit 5, specifically sets out that PSL is proceeding as assignee of EP-Team, who was a party to the other action pending before this Court. If PSL was trying to pull a "fast one", it would have been easier to not designate this matter related, because the case would have immediately been assigned to a judge, and PSL's proposed order of attachment signed the same day. Instead, this case was not assigned to any judge while PSL's request to designate the case was related was being considered by the court. PSL had to apply to the Part 1 judge for issuance of the order of attachment.


WHEREFORE, AIL's motion should be dismissed in its entirety.

I hereby certify that the foregoing is true to the best of my knowledge and that if any statements herein are willfully false, I am subject to punishment.

Dated: January 15, 2008

John J. Sullivan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EP-TEAM, INC. and<br>PROSHIPLINE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. H:07-cv-02549 |
| | ) | |
| ASPEN INFRASTRUCURES, LTD. f/k/a | ) | |
| SUZLON INFRASTRUCTURE, LTD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT SUBJECT TO PLAINTIFF'S MOTION TO REINSTATE

Plaintiffs, subject to Plaintiffs' Motion to Reinstate previously filed herein, respectfully move this Court for leave to file an Amended Complaint for the reasons set forth herein:

### RELIEF REQUESTED

1.   On December 5, 2007, the Court granted Defendant Aspen Infrastructure's ("Aspen") Motion to Stay Pending Arbitration.  Filed concurrently herewith and incorporated herein by reference, Plaintiffs have filed their Motion to Reinstate respectfully requesting that the Court reinstate the instant action to permit Plaintiffs to seek the Court's declaratory judgment that the assignment of the Contract from EP-Team to ProShipLine on or about April 25, 2006, was a valid assignment of the Contract that is binding upon Aspen and/or that Aspen is judicially estopped from disputing the arbitrability of ProShipLine's claims against Aspen in the arbitration proceeding underway between Aspen and EP-Team in Singapore.

2.   Plaintiffs therefore move the Court to reinstate the case to the active calendar, to grant Plaintiff's Motion for Leave to File an Amended Complaint Subject to the Motion to

Exhibit 4 - Sullivan

Reinstate, and permit Plaintiff leave to file its Amended Complaint, in the form that is attached hereto as Exhibit A and incorporated herein by reference, against Defendant for its claims thereunder to be determined by a jury before this Honorable Court.

WHEREFORE, Plaintiff ProShipLine respectfully requests that the Court grant its Motion to Reinstate the case to the Court's active calendar and that it further grant Plaintiff's Motion for Leave to File Amended Complaint thereby permitting Plaintiff to bring its claims for damages against Defendant before a jury and this Court.

Respectfully submitted,

Mark W. Romney
Attorney-in-Charge
Texas Bar No. 17225750
SD Texas Bar No. 208180
SHANNON GRACEY RATLIFF & MILLER, LLP
500 N. Akard Street, Suite 2500
Dallas TX 75201
Telephone: 214.245.3090
Facsimile: 214.245.3097

Andrew Schreck
Texas Bar No. 17813250
SD Texas Bar No. 12929
SHANNON GRACEY RATLIFF & MILLER, LLP
1301 McKinney St., Suite 2920
Houston, TX 77010
Telephone: 713.255.4700
Facsimile: 713.655.1597

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

This will certify that the undersigned personally conferred with Keith Letourneau, counsel for Defendant, on January 9, 2008, regarding the content of Plaintiff's Motion for Leave to File Amended Complaint Subject to Plaintiffs' Motion to Reinstate. The parties were not able to agree on the relief requested herein and it is therefore submitted to the Court for resolution.

_Mark W. Romney_
Mark W. Romney

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing was served electronically and was sent via certified mail, return receipt requested, to Defendant's attorney of record, Keith B. Letourneau, Bell, Ryniker & Letourneau, 5847 San Felipe, Suite 4600, Houston, Texas 77057 on January 9, 2008.

_Mark W. Romney_
Mark W. Romney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EP-TEAM, INC. and** | ) | |
| **PROSHIPLINE, INC.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 4:07-cv-02549** |
| | ) | **JURY TRIAL DEMANDED** |
| **ASPEN INFRASTRUCURES, LTD. f/k/a** | ) | |
| **SUZLON INFRASTRUCTURE, LTD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs EP-Team, Inc. and ProShipLine, Inc. submit this, their First Amended

Complaint, and show the Court as follows:

### A. PARTIES

1.      Plaintiff EP-Team, Inc. ("EP-Team") is a corporation organized under the laws of

the State of Delaware, with its principal place of business in Houston, Texas. Plaintiff

ProShipLine, Inc. ("ProShipLine") is a corporation organized under the laws of the State of

Delaware, with its principal place of business in Houston, Texas. EP-Team and ProShipLine are

at times referred to collectively herein as "Plaintiffs."

2.      Defendant Aspen Infrastructures, Ltd. f/k/a Suzlon Infrastructure, Ltd. ("Aspen"

or "Defendant"), is a corporation originally organized under the laws of India as Suzlon

Infrastructure Limited, registration no. 25-16516, with its principal place of business at 5th Floor,

Godrej Millennium, 9 Koregaon Park Road, Pune, Maharastra, India ("Suzlon"). On a date not

known to Plaintiffs, Suzlon changed its name to Aspen Infrastructures Limited. Aspen is the

EXHIBIT
A

PLAINTIFFS' FIRST AMENDED COMPLAINT                                                          PAGE 1

same corporation (registration no. 25-16516) as Suzlon.   Defendant does not maintain a registered agent in the State of Texas.   Defendant has already answered and appeared herein.

## B. JURISDICTION

3.      The Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(2) because the suit is between citizens of Texas, and a citizen of India, and the amount in controversy exceeds $75,000, excluding interest and costs.

## C. VENUE

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(3) because defendant Aspen is subject to personal jurisdiction in this district and there is no other district where the action may be brought.

## D. FACTUAL BACKGROUND

5.      EP-Team is a Delaware corporation with its principal place of business in Houston, Texas.  It was originally organized as a Nevada corporation, ("EP-Team Nevada"). It is a logistics management organization that provides business development and management services to various companies.

6.      Suzlon, now known as Aspen, is an Indian corporation that is involved in the shipment of machinery to the United States on vessels which it has chartered.

7.      Aspen time chartered several ships in order to deliver freight from an affiliated company in India to the United States.

8.      On or about April 19, 2006, EP-Team Nevada and Aspen entered into a Sales and Logistics Services Agreement, whereby Aspen appointed EP-Team Nevada as its exclusive United States sales agent to establish a sales and management operation to secure freight and

associated revenue on the ships that Aspen had chartered for the return voyages from the United States to India.

9.    The Sales and Logistics Services Agreement was subsequently amended by Addendum No. 1 on or about April 20, 2006 and by Addendum No. 2 on or about November 10, 2006. The Sales and Logistics Services Agreement, Addendum No. 1 and Addendum No. 2 are hereafter referred to as the "the Contract".

10.    Pursuant to the terms of the Contract, EP-Team Nevada was the exclusive agent for the appropriate selection, assignment, and management of the terminal facilitation, stevedoring and heavy lift operations related to the discharge and loading of Aspen's vessels at U.S.A. ports and loading and discharge at intermediate or other destination ports.

11.    Paragraph 5 of the Contract specifically provides that the rights and duties of the parties are assignable, in whole or in part by either of the parties. Pursuant to this clause EP-Team Nevada, with the knowledge and agreement of Aspen, assigned its rights and duties under the Contract to ProShipLine on or about April 25, 2006. The formation of ProShipLine which at that time was a Nevada corporation ("ProShipLine Nevada") and the assignment of the Contract was done, in part, at the request of Aspen.

12.    EP-Team Nevada and ProShipLine Nevada both agreed and considered that the rights and obligations under the Contract had been assigned. Further, because of the request and conduct of Aspen, EP-Team Nevada and ProShipLine Nevada both considered that Aspen was aware of the assignment and so conducted itself as to be estopped from denying the effectiveness of the assignment.

13.    At all material times down to and including on or about May 15, 2007, ProShipLine Nevada performed in all respects all of the contractual obligations of the Contract.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                            **PAGE 3**

14.     On or about May 15, 2007, EP-Team Nevada was reorganized as EP-Team, Inc. a Delaware corporation ("EP-Team").   On or about May 15, 2007, ProShipLine Nevada was reorganized as ProShipLine, Inc. a Delaware corporation ("ProShipLine").

15.     The Contract provides that it is to be construed and enforced in accordance with "English Law".  The Contract further provides for arbitration as follows:

> "**15.   ARBITRATION.**
>
> If any dispute arises between the parties out of or in connection with the Agreement, whether in the nature of interpretation or meaning of any term hereof, or as to any claim by one against the other or otherwise, the same shall be referred to arbitration of a common arbitrator if agreed upon, or to arbitrators, one to be appointed by each party to the dispute, and the arbitration shall be governed by the Arbitration Act for the time being in force.  Unless the parties to the dispute mutually agree to the location of the arbitration, the arbitration shall be held in Singapore."

16.     Addendum 2 to the Contract provides that Aspen could only terminate the Contract for cause as follows:

> "**7.     Termination**
>
> A party shall have the right to terminate this arrangement by giving the other party 30 days notice of the same at any time during the currency of this agreement only in the following cases:
>
> - Where a serious breach of contract by a party has been notified to the party by the other party and where within 30 days of such notification no action plan has been set forth by the party to the other party to mitigate the breach then the other party may choose to terminate the contract.
>
> - Where a party has committed an act of willful negligence causing material loss to the other party in performing its obligations under this agreement and where within 30 days of such act no action plan has been set forth by the party to the other party to mitigate the loss then the other party may choose to terminate the contract.
>
> - Where a notice of default has been served and the procedure dealing with such notice has been followed and no party in breach has failed to remedy the breach then the other party may terminate the contract.

On such termination both the parties shall continue to perform their duties for the shipments already underway and shall be bound by the terms of this agreement till such time the activity undertaken or initiated prior to termination is not completed in totality.

The parties on such termination shall continue to cooperate with each other to ensure proper closure of accounts and completing all activities for the termination of the arrangement.

Upon receipt of such notice, the party receiving such notice shall:

Stop work on the date and to the extent set forth in such notice; and

- Take such further action regarding termination of the services or the Agreement as the party seeking termination may reasonably direct."

17.    As of July 5, 2007, there were five vessels under charter party for which ProShipLine was providing services to Aspen.

18.    From the beginning of the Contract until the present time, Plaintiff has complied in all respects with its contractual obligations to Aspen. Plaintiff has not committed a breach of the Contract nor has it committed any act of willful negligence.

19.    By virtue of letters dated April 19, 2006 and May 18, 2006, Aspen categorically stated that ProShipLine Nevada was Aspen's exclusive general sales and port services agent to secure freight for loading from ports in the United States on vessels being time chartered by Aspen and/or was the exclusive authorized sales and general agent of Aspen to offer, negotiate, accept freight or cargo onto its ships.   By virtue of a letter dated August 8, 2006, Aspen categorically stated that ProShipLine Nevada was authorized by Aspen to collect freights for the account of Aspen re MV Margaretha Green v.002 Thorold/Ambarli.

20.    As part of its responsibilities under the Contract, ProShipLine agreed to keep and maintain books and records reflecting revenues and calculations of gross revenue, vessel operating costs, net revenue and sales commission. ProShipLine maintained a bank account into

which it places funds received from the shipping customers and from which expenses, commissions and other expenses are paid ("the ProShipLine, Inc. SIL Account").

21.     On July 5, 2007, Aspen, by and through its General Manager for Logistics, Mr. Sanjeev Bangad, sent an e-mail to ProShipLine, which stated in part as follows:

"In continuation of the message below, please note that from 1st August '07, the owners (SE Shipping lines PTE Ltd) will have alternate agreements in place and thus ProShipLine will cease to be our agents.

This serves as required notice."

22.     By terminating the Contract in this manner and without cause, Aspen committed a material breach of the Contract and evidenced its intention not to be bound by the Contract on and after August 1, 2007.

23.     ProShipLine accepted Aspen's repudiation and was thereby discharged from performing any duties arising under the Contract beginning August 1, 2007.

24.     Aspen's repudiation of the Contract without cause on the part of either EP-Team or ProShipLine is a breach of the Contract.  Furthermore, the unjustifiable breach by Aspen of the Contract and the revocation of ProShipLine's agency to complete its responsibilities for ships pursuant to the terms of the Contract have caused damages to ProShipLine for which it is entitled to seek restitution.

25.     Because a justiciable controversy had arisen between EP-Team/ProShipLine and Aspen pertaining to the terms and termination of the Contract and the contractual provisions pertaining to the application of English Law and the arbitration clause were ambiguous in that they were not specific in specifying what was defined by the term "English Law" nor what was meant by the term "Arbitration Act", Plaintiff and EP-Team filed their Original Complaint with this Court on August 6, 2007.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                              **PAGE 6**

26.    On August 30, 2007, Aspen advised EP-Team that it had appointed an arbitrator in Singapore and on October 9, 2007, Aspen requested the Singapore International Arbitration Centre ("SIAC") to constitute an arbitral tribunal.  On October 15, 2007, EP-Team appointed an arbitrator.

27.    Defendant filed its Answer and Motion to Stay Pending Arbitration on October 26, 2007.  As its first defense to the Complaint in its Answer, Aspen stated categorically that "a valid arbitration clause exists, the dispute falls within the scope of the arbitration clause, and no external legal constraints prohibit arbitration of Plaintiffs' claims."  Defendant further denied the allegations of Plaintiffs' Original Complaint that there had been an assignment of the Contract from EP-Team to ProShipLine.  In its Motion to Stay, Aspen asserted to the Court that "the FAA mandates that Plaintiffs' claims be arbitrated in Singapore and that this Court enter a stay of these proceedings."

28.    Thereafter, on November 16, 2007, the Initial Scheduling Conference was held before this Court, at which time the Court took Defendant's motion under advisement.  On December 5, 2007, this Court entered an Order administratively closing the case and granting the parties leave to move to reinstate the case on the Court's active docket at the conclusion of the arbitration proceedings in Singapore.

29.    Only after Aspen's Texas counsel represented to the Court that all of the claims in this litigation were subject to arbitration and the Court had taken under advisement Defendant's Motion to Stay did Aspen reverse its position with regard to the arbitration of claims which ProShipLine has against Aspen for its breach of the Contract.

30.    In a letter dated December 4, 2007, to the arbitration panel constituted in Singapore to hear Aspen's claims against EP-Team counsel of the firm of Joseph Tan Jude

Benny on behalf of Aspen asserted to the panel that: "[Aspen] does not agree to the substitution of ProShipLine for EP-Team as the Respondent or to ProShipLine being joined as a second Respondent to these proceedings." They further went on to say "[Aspen] is not aware of and denies that there was any and/or any valid assignment of the [Contract] by EP-Team to ProShipLine." Finally, Aspen asserted to the panel, "[w]e do not agree that ProShipLine should be joined as a party to the existing arbitration and it is [Aspen's] position that ProShipLine does not and cannot have any claim against [Aspen]."

31.    In an e-mail dated December 7, 2007, to the arbitration panel constituted in Singapore to hear Aspen's claim against EP-Team counsel of the firm of Joseph Tan Jude Benny asserted to the panel that "[Aspen]'s position is, and always has been, that the [Contract] was not made with [ProShipLine] nor was it assigned to [ProShipLine] by EP-Team. Accordingly [Aspen] had no contract with [ProShipLine]."

32.    On December 13, 2007, EP-Team assigned to ProShipLine all rights to sue for, recover and retain on its own behalf, damages from Aspen as a result of Aspen's breach of the Contract or any other obligations owed by Aspen to EP-Team in connection with or arising out of the Contract.

33.    By the position it has taken in the arbitration proceedings, Aspen has expressly disclaimed the prior position it has stated to this Court that the claims of ProShipLine against Aspen are the subject of a binding arbitration agreement. ProShipLine is, therefore, entitled to seek relief from this Court for which it hereby sues.

34.    Upon information and belief, Aspen has no assets in the United States from which Plaintiffs would be able to seek the payment of a future judgment other than the Account which

ProShipLine manages on behalf of Aspen and any funds that ProShipLine has been able to attach pursuant to Supplemental Rule B attachments.

## E. CAUSE OF ACTION

## REQUEST FOR DECLARATORY RELIEF

35.     Plaintiffs reassert the allegations of Paragraphs 1-34 as if fully set forth herein.

36.     Pursuant to 28 U.S.C. §§ 2201 – 2202 and Fed. R. Civ. P. 57, Plaintiffs request a declaratory judgment from the Court clarifying its previous order in the case to include the following:

a. that the assignment of the Contract from EP-Team to ProShipLine on or about April 25, 2006, was a valid assignment of the rights and obligations under the Contract that is binding upon Aspen or that Aspen is judicially estopped from disputing the arbitrability of ProShipLine's claims against Aspen in the arbitration proceeding underway between Aspen and EP-Team in Singapore; alternatively,  that Aspen is estopped from denying that the rights and obligations under the Contract were transferred from EP-Team to ProShipLine;

b. that Aspen has waived its rights under the arbitration clause contained in the Contract by evincing a clear intention to dispute that it is bound thereby, and that ProShipLine be permitted to assert its claims under the Contract against Aspen before this Court; and,

c. ordering the payment of the funds in the ProShipLine SIL Account to the registry of the Court pending the resolution of the dispute between EP-Team/ProShipLine and Aspen in the Singapore arbitration.

37.     Plaintiff is entitled to recover its attorney's fees and costs against Aspen pursuant to the terms of the Contract for which it hereby sues.

## COUNT TWO—BREACH OF CONTRACT

38.    ProShipLine reasserts the allegations of Paragraphs 1-37 as if fully set forth herein.

39.    There was a valid assignment of the Contract from EP-Team to ProShipLine which transferred the rights and the obligations under the Contract to ProShipLine and/or Aspen is estopped from denying that those rights and obligations were transferred from EP-Team to ProShipLine.

40.    Aspen has waived its rights under the arbitration clause contained in the Contract by unequivocally stating that it is not bound thereby.

41.    Aspen is in breach of the Contract by terminating the same without cause on either the part of ProShipLine or its assignor EP-Team.

42.    As a result of the wrongful actions of Aspen, Plaintiff has suffered and will suffer damages in the amount of at least $5,750,000, for which it is entitled to restitution.

43.    Plaintiff is entitled to recover its attorney's fees and costs against Aspen pursuant to the terms of the Contract for which it hereby sues.

### F. JURY DEMAND

44.    Plaintiff requests that this matter be tried by a jury.

WHEREFORE, Plaintiffs EP-Team, Inc. and ProShipLine, Inc. respectfully request that Aspen Infrastructures Limited be duly cited in terms of the law to appear and answer herein, and that upon final trial hereof, Plaintiff ProShipLine have judgment against said Defendant as follows:

1.    A declaratory judgment of this Court as requested herein;

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                    **PAGE 10**

2.      Damages in an amount that will be shown at trial;

3.      The Plaintiff have and recover from Defendant Aspen it's expenses incurred, including reasonable attorney's fees;

4.      All costs of court be taxed against the Defendant;

5.      Such other and further relief to which the Plaintiff may be justly entitled.


Respectfully submitted,


Mark W. Romney
Attorney-in-Charge
Texas Bar No. 17225750
SD Texas Bar No. 208180
SHANNON GRACEY RATLIFF & MILLER, LLP
500 N. Akard Street, Suite 2500
Dallas TX 75201
Telephone: 214.245.3090
Facsimile: 214.245.3097

Andrew Schreck
Texas Bar No. 17813250
SD Texas Bar No. 12929
SHANNON GRACEY RATLIFF & MILLER, LLP
1301 McKinney St., Suite 2920
Houston, TX 77010
Telephone: 713.255.4700
Facsimile: 713.655.1597


**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

This will certify that a true and correct copy of the foregoing was served electronically and was sent via certified mail, return receipt requested, to Defendant's attorney of record, Keith B. Letourneau, Bell, Ryniker & Letourneau, 5847 San Felipe, Suite 4600, Houston, Texas 77057 on January _____, 2008.


_____
Mark W. Romney

HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| PROSHIPLINE, INC., | : |
| Plaintiff, | : Index No.: |
| vs. | : **STATEMENT OF RELATEDNESS** |
| ASPEN INFRASTRUCTURES, LTD. f/k/a SUZLON INFRASTRUCTURE, LTD., | : |
| Defendant. | : |

---

Plaintiff, ProShipLine, Inc. (hereinafter "PSL"), by its attorneys, Hill Rivkins & Hayden respectfully states that this case is related to another civil action pending in this Court before Judge Sweet, entitled ASPEN INFRASTRUCTURES LTD f/k/A SUZLON INFRASTRUCTURES LTD v. E.P. TEAM, INC., docket number 07-CV-8813 (RWS) for the following reasons.

The cause of action alleged herein arises from the same contract at issue in the related matter, although the plaintiff herein is not a party to the related matter. Plaintiff herein alleges that it is the assignee of the E.P. Team. Inc., the defendant in the related matter, so that the claims of the plaintiff herein arise out of the same transaction and occurrence as is alleged in the related matter.

Dated: New York, New York
       December 3, 2007

Exhibit 5 - Sullivan

HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff

By: _____
John J. Sullivan (JS-1037)
Christopher M. Panagos (CP-2199)
45 Broadway
New York, New York 10006
(212) 669-0600